CASWELL ASKEW, et al, Executors of J. H. C. BRYAN v. F. D. KOONCE.

*Practice—Reply—Verification—Counter-Claim.*

1. Inasmuch as every allegation of new matter in an answer, not relating to a counter-claim, is deemed to be controverted by the adverse party as upon a direct denial or avoidance, (Section 268 of *The Code*,) no replication is necessary and a failure to verify a replication, if filed, is immaterial.
2. To constitute a counter-claim the demand must be one on which a separate action would lie.

CIVIL ACTION, heard before *Graham, J.*, at Fall Term, 1895, of JONES Superior Court, on the pleadings and exceptions to the report of a referee. A replication to the

answer was filed but was not verified.  His Honor over-
ruled the exceptions to the report of referee, and gave
judgment for the plaintiff, and defendant appealed.

The report of the referee was as follows:

*Report of Referee:*

" That some time prior to the 5th day of September,
1877, the testator of the plaintiff employed the defendant,
F. D. Koonce, as his attorney at law to prosecute and col-
lect, on behalf of the plaintiffs, a claim against the County
of Jones, amounting to the sum of one hundred and sev-
e· ty-four dollars and forty-four cents; that the contract
of employment continued over a space of time beginning
from the date mentioned until the date of the death of the
plaintiff's testator, to-wit, February, 1878; that there was
no special contract for compensation between J. H. C.
Bryan, plaintiff's testator, and the defendant, F. D. Koonce;
and that pursuant to such employment as attorney, F. D.
Koonce began an action before a justice of the peace in
Jones county, which action was contested in the justice's
court and resulted in a judgment in favor of the plaintiff;
that the defendant, F. D. Koonce, thereupon caused the
judgment to be duly entered upon the dockets of the supe-
rior court of Jones county, and upon the following terms
of the court thereafter, applied to said court for *manda-
mus* thereon; that this application in the superior court
was contested on the part of the defendant in said action,
and resulted in the issuance of a *mandamus* in favor of the
plaintiff; that no part of said judgment was realized or
collected by F. D. Koonce, upon the *mandamus* issued as
aforesaid; and that thereafter, to-wit, in February, 1878,
J. H. C. Bryan died; that the plaintiffs, Caswell Askew
and his co-plaintiff, duly appointed executors of the last
will and testament of J. H. C. Bryan, deceased, entered

upon the discharge of the duties of their office; that thereafter, to-wit, May, 1878, the plaintiff, Caswell Askew, proceeded to collect on the judgment obtained as aforesaid the sum of seventy-two dollars from the Board of Commissioners of Jones county; that immediately upon said collection, and ascertaining that the defendant, F. D. Koonce, had been the attorney of his testator, J. H. C. Bryan, during his lifetime, entered into a conversation and negotiations with said F. D. Koonce in reference to his continuing service begun for said Bryan, and that in said negotiations plaintiff told said Koonce that he would give him ten per cent. to collect the remaining amount due the estate of J. H. C. Bryan, to which said Koonce made no response, but proceeded with the matter in controversy; and that thereafter, to-wit, March 14, 1891, defendant, F. D. Koonce, collected of said judgment, from the sheriff of Jones county, the sum of two hundred and sixty dollars and eleven cents; that pursuant to the negotiations made with plaintiff, the defendant, F. D. Koonce, executed to C. Askew the written receipt in form and substance set out in the evidence hereto attached; and that by arbitration between said Koonce and Askew the sum of ten dollars was paid said Koonce in full for compensation for the sum collected by C. Askew from the County Commissioners, as stated above; and that at the dates set forth in the attached evidence from November 17, 1890, to November 17, 1893, inclusive, the defendant, F. D. Koonce, at the several times named, paid out for the use of plaintiffs in this action the sums therein stated, aggregating the sum of one hundred dollars and thirty-nine cents.

" From the foregoing facts, I find as conclusions of law: That the defendant, F. D. Koonce, was employed as counsel for the testator of plaintiffs to prosecute and collect the claim above set forth, and that there was no special con-

tract for compensation for such services; that such contract ceased and determined upon the death of J. H. C. Bryan, February ___, 1878; that on or about said date the plaintiff, C. Askew, entered into a contract of employment with said F. D. Koonce to continue and perform the necessary services to be rendered in carrying out the contract of plaintiffs' testator, under said contract, to-wit, the said F. D. Koonce to receive as compensation for such services ten per cent. upon the full amount collected. I, therefore, further find as a matter of law, that the said F. D. Koonce is entitled to compensation for the services rendered J. H. C. Bryan from September, 1877, only to February, 1878, the date of the said death of said Bryan, upon a *quantum meruit*, and I find that a reasonable compensation for the services rendered in appearance before the magistrate and before the superior court for the time mentioned was thirty dollars. I further find as a matter of law that, upon the said contract entered into by the plaintiff and defendant, the defendant's compensation for services, (to-wit, ten per cent. upon the amount by him collected,) to-wit, two hundred and sixty dollars and eleven cents, is the sum of twenty-six dollars and one cent, which said sum of two hundred and sixty dollars and eleven cents is the whole amount collected by said Koonce. I further find that said Koonce, at the dates mentioned in the evidence attached, has paid to the use of plaintiffs, at various times, the sums aggregating the sum of one hundred dollars and thirty-nine cents. I further find that no demand was made upon said F. D. Koonce by the executors of plaintiffs, or either one of them, to account for the sum so collected by him, there being no evidence before me of any such demand having been made. I, therefore, conclude that said F. D. Koonce is not chargeable with interest on the sum so collected by him, except from the date of the

118—34

issuance of the summons in this action, to-wit, October 21, 1892, and that, therefore, said F. D. Koonce is entitled to no interest upon such sums as have been paid out by him to the use of plaintiffs. Therefore, I charge the said F. D. Koonce with the sum of two hundred and sixty dollars and eleven cents so collected by him, against which I credit said F. D. Koonce the sum of one hundred dollars and thirty-nine cents, paid out by him as aforesaid, with the sum of thirty dollars compensation for his services rendered J. H. C. Bryan prior to his death, for the sum of twenty-six dollars and one cent, commissions due him under the special contract with the plaintiffs in this action —being a total of one hundred and fifty-six dollars and forty cents, leaving a balance in favor of said plaintiffs of one hundred and three dollars, with interest thereon at six per cent. from October, 1892, until paid. I further find, as a conclusion of law, that the plaintiff recover of the defendant, F. D. Koonce, the costs in this action, to be taxed by the clerk."

The defendant excepted as follows :

" 1st Exception is to the finding that the plaintiff executors entered into negotiations with defendant to collect the said claims for a compensation of ten per cent., because the evidence does not support such finding.

" 2nd Exception is to the finding that the defendant executed the receipt or voucher to the plaintiff executors pursuant to such negotiations, because the evidence does not support it.

" 3rd Exception is to the finding that ten dollars was paid the defendant in full for compensation for the sum collected by C. Askew from the Board of County Commissioners of Jones county, because evidence does not support it. The receipt or voucher expressly states it was in partial payment.

" 4th Exception is to the finding that at a conversation between the defendant and the plaintiff, C. Askew, the plaintiff told the defendant he would give him ten per cent. to collect the remaining amount, to which Koonce made no response. The evidence of C. Askew shows that the defendant said to him that he ought to have more.

" 5th Exception is to the finding that the employment of the defendant by the testator of plaintiffs ceased and determined in February, 1878. The admissions of plaintiff executors show that the defendant was employed from September, 1877—prior to September 5—and continued up to and including the date for collection, March 14, 1891.

" 6th Exception is that interest is not allowed to the defendant on the several amounts paid by him to the plaintiff, C. Askew, and set up in the defendant's answer as a counter-claim to reduce the amount sued for by the plaintiffs.

" 7th Exception is that the sum of seventy-two dollars, collected by C. Askew in May, 1878, on said judgment, has not been allowed as a credit thereon.

" 8th Exception is that no amount was allowed the defendant for his services from February, 1878, to March 14, 1891."

*Mr. J. B. Batchelor*, for defendant (appellant).
*Mr. W. D. McIver*, for plaintiff.

FAIRCLOTH, C. J.: This action is instituted to recover from the defendant money collected by him as an attorney for plaintiff. The matter was referred by consent, and to the report several exceptions are filed, all pointing to the findings of fact which this Court cannot review. The account covers a period of several years. Only one exception is relied upon before this Court, and looking at the report we can see no error in that. The answer is

verified but the replication is not. We can see no need
for the replication in this case, as every allegation of new
matter in the answer, not relating to a counter-claim, is
to be deemed controverted by the adverse party as upon
a direct denial or avoidance, as the case may require.
*Code*, Sec. 268. It was suggested here that a part of
defendant's answer was a counter-claim, and not being
denied by a verified replication, the defendant was entitled
to a credit in that respect. It is beyond our ability to see
how a counter-claim could lie to recover money already
in the defendant's hands sought to be collected by the
plaintiff.

Unless a defendant has some matter existing in his favor
and against the plaintiff, on which he could maintain an
independent action, such claim would not be a counter-
claim. We see no error in the trial below.

Affirmed.