### WILLIAM E. PHARR v. CAROLYN PHARR.

(Filed 28 April, 1943.)

**1. Divorce § 2a—**

The party in the wrong, in the face of a plea in bar based on such wrong, cannot obtain a divorce under ch. 100, Public Laws 1937. C. S., 1659 (a).

**2. Divorce § 5—**

Recrimination is recognized in this jurisdiction, and under that doctrine the defendant, in an action for a divorce, may set up as a defense in bar that plaintiff was guilty of misconduct which in itself would be a ground for divorce.

**3. Same—**

In an action for divorce, where defendant by answer and further defense pleads in bar plaintiff's unlawful and wrongful abandonment and non-support of defendant, his wife, and also recrimination, either plea, if sustained, is sufficient to prevent plaintiff from obtaining a divorce.

**4. Pleadings § 22—**

A motion to amend pleading is discretionary with the trial court and is not reviewable on appeal. C. S., 547.

**5. Pleadings § 13½—**

Where a general demurrer is filed to a pleading as a whole, if any count therein is good and states a cause of action, the demurrer should be overruled.

APPEAL by plaintiff from *Blackstock, Special Judge,* at November Term, 1942, of MECKLENBURG.

Plaintiff instituted this action for divorce *a vinculo matrimonii* on 5 August, 1940, on the ground of two years separation, alleging that plaintiff and defendant were married in 1917 and by mutual agreement separated themselves from each other and executed a deed of separation on 26 May, 1940, and that they have lived separate and apart since the execution of said agreement.

The defendant filed an answer, admitted the execution of the agreement, but alleged that the execution thereof "Was brought about by reason of the fact that the plaintiff had abandoned the defendant, and she was required to sue him for adequate support, and the result was a written agreement whereby the plaintiff in this action agreed to support the defendant during her natural life, or until she remarried." And by way of further answer and defense, the defendant alleged that the separation of the plaintiff and defendant was not occasioned by any fault on the part of the defendant, but as a result of the wrongful conduct of the plaintiff. Thereupon, the plaintiff moved to strike that portion of the answer quoted above and all of the further answer and defense. At

the hearing on the motion, the defendant requested permission of the court to file an amended answer. Motion to strike was denied and defendant was granted permission to file an amended answer.

The amended answer as a further answer and defense, and by way of recrimination and in bar of plaintiff's right to recover a divorce in this action, alleges: That the plaintiff willfully and wantonly abandoned the defendant in 1936, and that she was compelled to institute an action in the Buncombe County General Court against the plaintiff for abandonment and nonsupport. That by reason of her ill health, her want and need for hospitalization, she was induced to execute the separation agreement which provided for the payment of $75.00 per month for her support, which she alleges was wholly inadequate. It is further alleged that before and since the plaintiff and defendant separated the plaintiff committed adultery.

For a cross action and by way of counterclaim, the defendant alleges she is entitled to counsel fees and an order requiring the plaintiff to pay to the defendant each month for her support an amount in keeping with his means and condition in life.

From the order denying plaintiff's motion to strike and allowing the defendant to file an amended answer, the plaintiff appeals, assigning error.

*Jordan & Horner for plaintiff.*
*James H. Dodgen and Joe W. Ervin for defendant.*

DENNY, J. Plaintiff demurred *ore tenus* in this Court, to the further answer and defense and to the cross action.

The defendant in her amended further answer and defense pleads in bar of plaintiff's right to a divorce, his unlawful and wrongful abandonment and nonsupport of the defendant, and recrimination.

Under the decisions of this Court either plea in bar, if sustained, is sufficient to prevent the plaintiff from obtaining a divorce. In the case of *Byers v. Byers, ante,* 85, Stacy, C. J., reviews our decisions and statutes, dealing with separation as a ground for divorce, and says: "It is true, the statute under review provides that either party may sue for a divorce or for a dissolution of the bonds of matrimony, 'if and when the husband and wife have lived separate and apart for two years,' etc. However, it is not to be supposed the General Assembly intended to authorize one spouse willfully or wrongfully to abandon the other for a period of two years and then reward the faithless spouse a divorce for the wrong committed, in the face of a plea in bar based on such wrong." The foregoing is in accord with the decision of this Court in the cases of *Reynolds v. Reynolds,* 208 N. C., 428, 181 S. E., 338; *Brown v. Brown,*

213 N. C., 347, 196 S. E., 333; and *Hyder v. Hyder,* 215 N. C., 239, 1 S. E. (2d), 540.

The doctrine of recrimination is recognized in this jurisdiction. *Horne v. Horne,* 72 N. C., 533; *House v. House,* 131 N. C., 141, 42 S. E., 546. In the latter case, this Court said: "The general principle which governs in a case where one party recriminates is that the recrimination must allege a cause which the law declares sufficient for a divorce." This view is supported by the authorities generally. See 27 C. J. S., p. 623, sec. 67; and 17 Am. Jur., 268, where it is stated: "It is well settled in this country under the doctrine of recrimination that the defendant to an action for divorce may set up as a defense in bar that the plaintiff was guilty of misconduct which in itself would be a ground for divorce."

We said in *Byers v. Byers, supra* (filed this day), that the party in the wrong in the face of a plea in bar based on such wrong cannot obtain a divorce under the provisions of chapter 100, Public Laws 1937, N. C. Code of 1939, sec. 1659 (a), (Michie).

We likewise hold that our divorce statutes do not authorize the granting of a divorce to one spouse where the other pleads and establishes recrimination.

The exceptions entered by the plaintiff to the refusal of his Honor to strike portions of the original answer are without merit and the discretionary ruling on defendant's motion to amend her pleading is not reviewable on appeal. C. S., 547. It will be noted that the motion to strike was limited to the original answer and not directed to the amended further answer and cross action. In this connection attention is called to *Silver v. Silver,* 220 N. C., 191, 16 S. E. (2d), 834, and *Shore v. Shore,* 220 N. C., 802, 18 S. E. (2d), 353. We find no error in the rulings of the court below.

The demurrer *ore tenus* interposed in this Court cannot be sustained. In *Griffin v. Baker,* 192 N. C., 297, 134 S. E., 651, the law is stated as follows: "The rule is well established that where a general demurrer is filed to a petition as a whole, if any count of the pleading is good and states a cause of action, a demurrer should be overruled, and the same rule governs as to demurrers to defenses. 21 R. C. L., sec. 77." The demurrer is overruled, and the judgment of the court below is

Affirmed.