### WILSON S. LOCKHART v. KATHERINE LOCKHART.

(Filed 10 November, 1943.)

**1. Divorce §§ 2a, 12—**

The effect of a judgment of divorce *a mensa et thoro* with alimony is to legalize the separation of the parties, which had theretofore been an abandonment on the part of one of them. It does not sever the marriage tie.

**2. Divorce § 2a—**

A legal separation for the requisite period of two years is ground for divorce under ch. 100, Public Laws of 1937, Michie's Code, 1659 (a). The separation here contemplated includes a "judicial separation" as well as one brought about by the act of the parties, or one of them.

APPEAL by plaintiff from *Williams, J.,* at June Term, 1943, of WAKE.

Civil action for absolute divorce on the ground of two years' separation.

The complaint, filed 27 January, 1943, alleges:

1. That plaintiff and defendant were married 21 November, 1931, and intermittently lived together as husband and wife until 11 March, 1940, when they separated.

2. That plaintiff and defendant have lived separate and apart for two years and more, next immediately preceding the filing of the complaint, and the plaintiff has been a resident of the State for the requisite period of one year, etc.

The defendant answered, admitted the marriage, and alleged in bar that the separation took place in 1936 as a result of plaintiff's wrongful abandonment of the defendant; that the character of the separation was adjudged in 1940 in a prior action wherein the defendant was granted a divorce *a mensa et thoro* and alimony.

The plaintiff replied, admitted the former proceeding, and pointed out that his present action is for two years' separation beginning since the judgment of 1940.

The court being of opinion that as the parties had not lived together since 1936, the separation began at that time and not in 1940, and accordingly directed a verdict for the defendant. Exception.

Plaintiff appeals, assigning errors.

*F. J. Carnage and Thomas W. Ruffin for plaintiff, appellant.*

*Frank P. Spruill, Jr., for defendant, appellee.*

STACY, C. J. The question for decision is whether a judicial separation from bed and board for two years affords ground for divorce under ch. 100, Public Laws 1937. The law answers in the affirmative. Compare *Sitterson v. Sitterson,* 191 N. C., 319, 131 S. E., 641; *Lee v. Lee,* 182 N. C., 61, 108 S. E., 352.

The plaintiff brought an action in 1939 for divorce on the ground of two years' separation. The defendant answered, admitted the separation since 1936, and set up a cross action for a divorce *a mensa et thoro* and alimony, alleging that the plaintiff had wrongfully abandoned the defendant and their minor child. C. S., 1660 and 1665; *Pharr v. Pharr, ante,* 115. In this proceeding, the jury answered the issues in favor of the defendant, and by consent, alimony and counsel fees were fixed in the judgment, which was entered at the February Term, 1940, Wake Superior Court.

The effect of this judgment was to legalize the separation of the parties which theretofore had been an abandonment on the part of the plaintiff. He could not thereafter be charged with desertion. *Weld v. Weld,* 27 Minn., 330, 7 N. W., 267. It did not, however, sever the marriage tie. *Cooke v. Cooke,* 164 N. C., 272, 80 S. E., 178.

The present action is for two years' separation since the 1940 judgment. A legal separation for the requisite period of two years is ground for divorce under ch. 100, Public Laws 1937, which will appear in the General Statutes of 1943 as G. S. 50-6. *Byers v. Byers, ante,* 85; *Lockhart v. Lockhart, ibid.,* 123. The language of the statute is, that marriages may be dissolved and divorces granted "on application of either party, if and when the husband and wife have lived separate and apart for two years." *Oliver v. Oliver,* 219 N. C., 299, 13 S. E. (2d), 549; *Archbell v. Archbell,* 158 N. C., 408, 74 S. E., 327. The separation here contemplated, unrestricted as it is, includes a "judicial separation" as well as one brought about by act of the parties, or one of them. *Cooke v. Cooke, supra.*

Perhaps it should be noted that in the prior proceeding between the parties hereto the defendant filed a cross action for divorce *a mensa* under C. S., 1660, a permissible practice with us, *Cook v. Cook,* 159 N. C., 46,

74 S. E., 639, whereas in *Byers v. Byers, supra,* the defendant there proceeded in an independent action for alimony without divorce under C. S., 1667. The purpose and effect of the two proceedings are not the same. *Shore v. Shore,* 220 N. C., 802, 18 S. E. (2d), 353.

There was error in directing a verdict for the defendant.

New trial.