J. OTIS TAYLOR v. BESSIE A. TAYLOR.

(Filed 28 March, 1945.)

**1. Divorce § 8—**

In an action for divorce on the ground of two years separation, where the complaint alleges and there is evidence for plaintiff tending to show that the parties have lived separate and apart for two years next immediately preceding the institution of the action and that plaintiff has resided in the State for a period of six months, G. S., 50-6, and defendant pleaded and offered evidence of wrongful abandonment and recrimination, the case is one for the jury and there is error in allowing a motion for judgment as of nonsuit.

**2. Divorce § 2a—**

The separation contemplated by the statute is apparently unrestricted. A separation by the act of the parties, or one of them, or under order of court *a mensa et thoro,* suffices; but not an involuntary living apart, where there had been no previous separation, such as might arise from the incarceration or insanity of one of the parties.

**3. Divorce § 5—**

It is not necessary to set out in the complaint the cause of the separation, or to allege that it was without fault on the part of the plaintiff, or to aver that it was by mutual agreement of the parties.

**4. Same—**

The plaintiff may particularize as to the character of the separation by alleging that it was by mutual consent, abandonment, etc., in which event, if material to the cause of action, the burden would rest with the plaintiff to prove the cause *secundum allegata.*

**5. Same: Pleadings § 3b—**

The plaintiff is not bound to anticipate and negative in advance all grounds of defense to the action he brings, and petitions for divorce do not constitute an exception to the general rule.

**6. Divorce § 5—**

The material facts in every complaint asking for divorce shall be deemed to be denied by the defendant, whether actually denied by pleading or not, and no judgment is to be given in favor of plaintiff until such facts are found by a jury. G. S., 50-10.

TAYLOR *v.* TAYLOR.

**7. Same—**

Where defendant, in an action for divorce on the grounds of two years separation, set up the plaintiff's wrongful conduct and willful abandonment of defendant and also recrimination, either defense, if established, would defeat the plaintiff   The burden, however, rests upon the defendant to establish these defenses, which are affirmative and deemed controverted and not cross causes.

APPEAL by plaintiff from *Rudisill, Special Judge,* at February Term, 1945, of CATAWBA.

Civil action for absolute divorce on the ground of two years separation.

The complaint alleges that plaintiff and defendant were married on 13 November, 1924, and lived together as husband and wife until 18 May, 1942, when they separated and have since continuously lived separate and apart; that two children were born of the marriage and are being supported by the plaintiff; that plaintiff now resides in Catawba County and has so resided for more than a year immediately preceding the commencement of this action on 20 September, 1944, and that defendant is now a resident of Buncombe County.

The defendant admits the allegations of marriage and residence, but denies that there has been any separation within the meaning of the divorce statute.  She further alleges wrongful abandonment and frequent "adultery with various women" on the part of the plaintiff, which has not been condoned by the defendant.

The evidence discloses that following a period of marital infelicity between the parties, the plaintiff finally went to Asheville on 18 May, 1942, to see the defendant and while out driving notified her they would not try to live together any longer.  Thereafter, all relations were severed, except the plaintiff continued to send her money for the support of herself and their two children.  The oldest child is now married.

Plaintiff testified: "My wife was living with her people and she wouldn't live with me as a wife. . . . We separated in May, 1942, when she refused to live with me."

In answer, the defendant testified: "We certainly didn't mutually agree to live separate and apart."  On 18 May, 1942, "He said he was going to get a divorce. . . . I didn't give him any cause to abandon me." There was also evidence of plaintiff's association with other women.

From judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors.

*J. C. Stroupe and Theodore F. Cummings for plaintiff, appellant.*
*No counsel appearing for defendant.*

STACY, C. J. The complaint alleges, and there is evidence tending to show, that plaintiff and defendant, who are husband and wife, "have lived separate and apart for two years" next immediately preceding the institution of the action, and that plaintiff "has resided in the State for a period of six months." G. S., 50-6. Nothing else appearing, the establishment of these allegations by proof would entitle the plaintiff to a divorce. *Oliver v. Oliver,* 219 N. C., 299, 13 S. E. (2d), 549. The statute so provides. *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466.

The language of the enactment is, that marriages may be dissolved and divorces granted "on application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of six months." G. S., 50-6; *Campbell v. Campbell,* 207 N. C., 859, 176 S. E., 250.

It is also provided that when there is a minor child or children of the marriage, the name and age of such child or children shall be set forth in the complaint; and, if there be no minor child, the complaint shall so state. G. S., 50-13.

The separation contemplated by the statute is apparently unrestricted. *Lockhart v. Lockhart,* 223 N. C., 559, 27 S. E. (2d), 444; *Long v. Long,* 206 N. C., 706, 175 S. E., 85. It is unnecessary to set out in the complaint the cause for the separation, or to allege that it was without fault on the part of the plaintiff, or to aver that it was by mutual agreement of the parties. *Kinney v. Kinney,* 149 N. C., 321, 63 S. E., 97; *Byers v. Byers,* 222 N. C., 298, 22 S. E. (2d), 902. "The plaintiff is not bound to anticipate and negative in advance all grounds of defense to the action he brings, and petitions for divorce do not constitute an exception to the general rule." *Steel v. Steel,* 104 N. C., 631, 10 S. E., 707. A separation by act of the parties, or one of them, or under order of court *a mensa et thoro,* suffices to meet the terms of the statute. *Lockhart v. Lockhart, supra.* See *Dudley v. Dudley, post,* 83. It would not include an involuntary living apart, where there had been no previous separation, such as might arise from the incarceration or insanity of one of the parties. *Sitterson v. Sitterson,* 191 N. C., 319, 131 S. E., 641; *Lee v. Lee,* 182 N. C., 61, 108 S. E., 352.

Of course, the plaintiff may particularize as to the character of the separation by alleging that it was by mutual consent, abandonment, etc., in which event, if material to the cause of action, the burden would rest with the plaintiff to prove the case *secundum allegata. Williams v. Williams,* 224 N. C., 91, 29 S. E. (2d), 39; *McQueen v. McQueen,* 82 N. C., 471.

It is further provided by statute that the material facts in every complaint asking for a divorce shall be deemed to be denied by the de-

fendant, whether actually denied by pleading or not, and no judgment is to be given in favor of the plaintiff until such facts are found by a jury. G. S., 50-10; *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7; *Moody v. Moody, post,* 89.

In addition to the denial of the allegations of the complaint, the defendant alleges by way of "further answer and defense" that whatever estrangement exists between the parties was occasioned by the plaintiff's own wrongful conduct and willful abandonment of the defendant. *Hyder v. Hyder,* 215 N. C., 239, 1 S. E. (2d), 540; *Page v. Page,* 161 N. C., 170, 76 S. E., 619. The defendant also pleads recrimination. Either defense, if established, would defeat the plaintiff's action for divorce. *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466; *Brown v. Brown,* 213 N. C., 347, 196 S. E., 333; *Pharr v. Pharr,* 223 N. C., 115, 25 S. E. (2d), 471; *House v. House,* 131 N. C., 141, 42 S. E., 546. The burden rests with the defendant, however, to establish the defense or defenses as set up in the answer and relied upon. *Lockhart v. Lockhart,* 223 N. C., 123, 25 S. E. (2d), 465. They are not like pleas of the statute of limitations or of the statute of frauds (McIntosh on Procedure, 486), requiring the plaintiff to overcome them, but are in the nature of affirmative defenses requiring proof to support them. *Kinney v. Kinney, supra; Speas v. Bank,* 188 N. C., 524, 125 S. E., 398; McIntosh on Procedure, 476. And as they do not amount to a cross cause, they are deemed controverted by the adverse party. G. S., 1-159; *Askew v. Koonce,* 118 N. C., 526, 24 S. E., 218; McIntosh on Procedure, 509.

On the hearing, both the plaintiff and the defendant offered evidence in support of their respective allegations. The facts are in dispute. The case is one for the jury. There was error in sustaining the defendant's demurrer to the evidence.

Reversed.