JANE PRITCHETT HARRINGTON v. GEORGE FAULKNER HARRINGTON

No. 102

(Filed 11 December 1974)

1. **Divorce and Alimony § 13— divorce based on separation — abandonment and adultery as affirmative defenses**

     The affirmative defenses of abandonment and adultery can defeat an action for divorce based on separation.

2. **Divorce and Alimony § 5— recrimination recognized in N. C.**

     This jurisdiction recognizes the doctrine of recrimination which allows a defendant in a divorce action to set up a defense in bar of the plaintiff's action that plaintiff was guilty of misconduct which in itself would be a ground for divorce.

3. **Divorce and Alimony § 13— divorce based on separation — acts constituting legalized separation**

     Either an action for a divorce *a mensa et thoro,* an action for alimony without divorce under former G.S. 50-16, or a valid separation agreement may constitute a legalized separation which thereafter will permit either of the parties to obtain an absolute divorce on the ground of one year's separation.

4. **Divorce and Alimony § 13— divorce based on separation — child custody proceeding — no judicial separation**

     A child custody proceeding in which the trial court found abandonment by the wife but in which abandonment was not the real issue involved did not constitute a judicial separation that would deprive

the innocent husband of the use of either abandonment or adultery as a defense in a divorce action instituted by the wife based on one year's separation.

ON *certiorari* to review the decision of the North Carolina Court of Appeals, reported in 22 N.C. App. 419, 206 S.E. 2d 742 (1974), which affirmed the order of *Black, J.,* at the 10 December 1973 Session of MECKLENBURG District Court.

Plaintiff and defendant were married on 29 November 1963. Two children, Bruce and Amy, were born of the marriage. Leslie, the daughter of the wife, born in February 1963, was adopted by the husband. On 29 June 1971 the wife left the home of the husband, taking the children with her.

The husband brought an action seeking custody of the children. By order dated 24 April 1972, the District Court found that the wife had abandoned the husband, but nevertheless awarded her the custody of the children. The order provided that the husband was "entitled to reasonable visitation with the minor children," and that the husband was to make child support payments of $300 per month. The husband appealed to the Court of Appeals. That court modified the order of the District Court by granting custody of Bruce to the husband and by remanding to the trial court with directions to reduce the amount of support payments. *Harrington v. Harrington,* 16 N.C. App. 628, 192 S.E. 2d 638 (1972). In all other respects, the District Court's order was affirmed.

On 6 June 1973 the wife filed a complaint against her husband seeking absolute divorce by reason of one year's separation, pursuant to G.S. 50-6. The husband answered alleging abandonment and adultery as defenses. The wife's motion to strike both defenses was allowed. The Court of Appeals affirmed this order, and we allowed *certiorari* on 24 September 1974.

*Joe T. Millsaps for defendant appellant.*

*Farris, Mallard & Underwood by E. Lynwood Mallard for plaintiff appellee.*

MOORE, Justice.

[1] Defendant first contends that the Court of Appeals erred in affirming the order of the District Court striking his defenses of adultery and willful abandonment.

G.S. 50-6 provides in part:

> "*Divorce after separation of one year on application of either party.*—Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months. . . . "

The statute contains no requirement that separation of the parties be voluntary. Relative fault of the parties, therefore, is said to be irrelevant in many jurisdictions that have statutes similar to the one quoted above. Clark, Law of Domestic Relations 353 (1968) ; 1 Nelson, Divorce and Annulment § 4.47 (2d ed. 1945) ; *Gardner v. Gardner,* 250 Ala. 251, 34 So. 2d 157 (1948) ; *Young v. Young,* 207 Ark. 36, 178 S.W. 2d 994 (1944) ; *Cotton v. Cotton,* 306 Ky. 826, 209 S.W. 2d 474 (1948). However, North Carolina does not accept this reasoning, and our cases hold that the affirmative defenses of abandonment and adultery can defeat an action for divorce based on separation. *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562 (1968) ; *Sears v. Sears,* 253 N.C. 415, 117 S.E. 2d 7 (1960) ; *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296 (1957) ; *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492 (1945) ; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466 (1943) ; *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471 (1943).

**[2]**   As stated in *Hicks v. Hicks,* 275 N.C. 370, 167 S.E. 2d 761 (1969) :

> "This jurisdiction recognizes the doctrine of recrimination, which allows a defendant in a divorce action to set up a defense in bar of the plaintiff's action that plaintiff was guilty of misconduct which in itself would be a ground for divorce. *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471. . . .

> "Defenses under the doctrine of recrimination are deemed controverted and the burden to establish such affirmative defense is on the defendant. *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492. . . . "

The doctrine of recrimination provides in effect that "if both parties have a right to a divorce, neither of the parties has." 27A C.J.S. Divorce § 67 (1959). Recrimination has often

been criticized and some jurisdictions have limited its application or abolished the defense. 24 Am. Jur. 2d, Divorce and Separation § 226 (1966); 48 N.C. L. Rev. 131, 133, n. 11 (1969). However, as Professor Lee says, "The doctrine of recrimination, nevertheless, is firmly established at the present time in the vast majority of the states, either in common-law or statutory form. North Carolina has no statute dealing with recrimination; but the doctrine of recrimination has been recognized and approved by court decisions." 1 Lee, North Carolina Family Law § 88, p. 338 (3d ed. 1963).

Chief Justice Stacy aptly stated the reasoning behind the North Carolina rule in *Byers v. Byers, supra:*

"It is true, the statute under review provides that either party may sue for a divorce or for a dissolution of the bonds of matrimony, 'if and when the husband and wife have lived separate and apart for two years,' etc. [now one year]. However, it is not to be supposed the General Assembly intended to authorize one spouse willfully or wrongfully to abandon the other for a period of two years and then reward the faithless spouse a divorce for the wrong committed, in the face of a plea in bar based on such wrong. *Woodruff v. Woodruff,* 215 N.C., 685, 3 S.E. (2d), 5; *Sanderson v. Sanderson, supra* [178 N.C. 339, 100 S.E. 590]; *Whittington v. Whittington,* 19 N.C., 64. Nor is it to be ascribed as the legislative intent that one spouse may drive the other from their home for a period of two years, without any cause or excuse, and then obtain a divorce solely upon the ground of such separation created by the complainant's own dereliction. *McGarry v. McGarry,* 181 Wash., 689, 44 Pac. (2d), 816. Out of unilateral wrongs arise rights in favor of the wronged, but not in favor of the wrongdoer. One who plants a domestic thornbush or thistle need not expect to gather grapes or figs from it."

The Court of Appeals cited *Pickens v. Pickens,* 258 N.C. 84, 127 S.E. 2d 889 (1962), as support for its holding that adultery is no longer a defense to an action for divorce based on separation. It is true that based upon the evidence in that case there is dictum to the effect that in a divorce action based on two years' separation the only defense recognized by our decisions is that the separation was caused by the act of the husband in willfully abandoning her. However, as Professor Lee says, this

Harrington v. Harrington

is "clearly a dictum statement." 1 Lee, North Carolina Family Law § 88, n. 74 (1974 Supp.). Such statement was not intended to overrule the well-settled rule in this jurisdiction that adultery, as well as abandonment, is a recriminatory defense that will defeat an action for divorce based on separation. Defendant's first assignment of error is sustained.

Defendant next contends that the Court of Appeals erred in upholding the trial court's conclusion that a custody proceeding constitutes a judicial separation such as will legalize the separation of the parties and deprive the defendant of his recriminatory defenses.

[3] Either an action for a divorce *a mensa et thoro,* an action for alimony without divorce under former G.S. 50-16, or a valid separation agreement may constitute a legalized separation which thereafter will permit either of the parties to obtain an absolute divorce on the ground of one year's separation. *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865 (1963) ; *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525 (1962) ; *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444 (1943).

A divorce from bed and board is a judicial separation—that is, an authorized separation of the husband and wife. The effect of a judgment under former G.S. 50-16 is the same. *Rouse v. Rouse, supra.* A valid separation agreement legalizes their separation from and after the date thereof. *Richardson v. Richardson, supra.* In the present case, however, the previous action in the District Court was for custody of the children only. The district judge found that the wife had abandoned her husband but nevertheless gave the wife the custody and ordered support payments for the children. The Court of Appeals in that action modified the custody and support order but otherwise affirmed. Abandonment was not the issue in the custody hearing. The welfare or best interests of the children in light of all the circumstances was the paramount consideration to guide the court in awarding custody of the minor children. G.S. 50-13.2; 3 Lee, North Carolina Family Law § 224 (3d ed. 1963) ; *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

[4] We hold that a finding of abandonment by the wife in the custody proceeding—where abandonment was not the real issue involved—does not constitute a judicial separation that would deprive the innocent husband of the use of either abandonment or adultery as a defense in a divorce action instituted by the wife

based on one year's separation. As stated by Chief Justice Stacy in *Byers v. Byers, supra:* " . . . [I]t is not to be supposed the General Assembly intended to authorize one spouse willfully or wrongfully to abandon the other for a period of two years [now one year] and then reward the faithless spouse a divorce for the wrong committed, in the face of a plea in bar based on such wrong." Defendant's second assignment of error is sustained.

For the reasons stated, the decision of the Court of Appeals is reversed, and the cause is remanded to that court with direction to remand to the District Court of Mecklenburg for proceedings consistent with this opinion.

Reversed and remanded.