JAMES A. SMITH v. DORIS C. SMITH

No. 7821DC1017

(Filed 3 July 1979)

**Divorce and Alimony § 13— divorce based on year's separation — recrimination no defense**

Recrimination did not constitute a bar to plaintiff's action for divorce based on one year's separation. G.S. 50-6.

APPEAL by defendant from *Harrill, Judge*. Judgment entered 6 June 1978 and amended judgment entered 17 August 1978 in District Court, FORSYTH County. Heard in the Court of Appeals 25 June 1979.

Plaintiff filed his complaint on 4 January 1978 seeking an absolute divorce from defendant on the ground of one year's separation. Defendant did not file a pleading.

At the trial, plaintiff testified that he had lived in North Carolina for more than six months prior to filing his complaint; that he was married to defendant on 2 September 1949 in Danville, Virginia; that the parties separated on 23 March 1973; since July 1974, he had lived continuously separate and apart from his wife; and that six children were born to the marriage, and four of said children are minors.

At trial, defendant attempted to introduce evidence of plaintiff's adultery. The trial court refused to allow the evidence to be introduced as substantive evidence. The evidence tended to show that plaintiff moved out of the home on Easter Monday 1973 and did not tell his children or his wife where he was moving. Sometime later, plaintiff and Frances Rucker came out of an apartment building and got into his car. Plaintiff now lives on Sedgefield Drive in the home of Frances Rucker, who has lived at that house for quite some time. Defendant admitted that she has lived continuously separate and apart from plaintiff and has not resumed the marital relationship since July 1974.

Plaintiff was granted an absolute divorce from defendant, and she appealed.

*Westmoreland & Sawyer, by Rebecca L. Connelly and Barbara C. Westmoreland, for plaintiff appellee.*

*Kennedy, Kennedy, Kennedy & Kennedy, by Annie Brown Kennedy, for defendant appellant.*

ERWIN, Judge.

Defendant contends that the trial court committed error in granting plaintiff an absolute divorce when the plaintiff's evidence and the defendant's evidence showed that the plaintiff was living in an adulterous relationship at the time of trial and had continuously lived in adultery since the separation of the parties. We find no error and affirm the judgment entered by the trial court.

Defendant contends that the central issue presented on this appeal is whether it was proper for the trial court to exclude all evidence tending to establish an adulterous relationship on the part of the plaintiff, because the defendant failed to file answer. We do not agree. To us, the central issue is whether recrimination is a defense at all to the plaintiff's action for absolute divorce.

G.S. 50-6 provided at the time of trial:

"*Divorce after separation of one year on application of either party.*—Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months. This section shall be in addition to other acts and not construed as repealing other laws on the subject of divorce. *A plea of res judicata or of recrimination with respect to any provision of G.S. 50-5 shall not be a bar to either party obtaining a divorce on this ground*: Provided that no final judgment of divorce shall be rendered under this section until the court determines that there are no claims for support or alimony between the parties or that all such claims have been fully and finally adjudicated." (Emphasis added.)

The change in the above statute became effective on 1.August 1977, a few months before the complaint was filed in this action. The statute is clear that "[a] plea of res judicata or of recrimination with respect to any provision of G.S. 50-5 shall not be a bar to either party obtaining a divorce on this ground. . . ." This sentence was rewritten by the General Assembly in 1978 to read: "A plea of res judicata or of recrimination, with respect to any provision of G.S. 50-5 or of 50-7, shall not be a bar to either party's obtaining a divorce under this section." To us, it is clear that the General Assembly has totally eliminated the defendant's bar to plaintiff's divorce action. The statute was changed to avoid the decision of our Supreme Court in *Harrington v. Harrington*, 286 N.C. 260, 262, 210 S.E. 2d 190, 191 (1974), wherein the Court held that "the affirmative defenses of abandonment and adultery can defeat an action for divorce based on separation."

We hold that recrimination does not constitute a bar to plaintiff's action for divorce. The results would be the same had the answer been filed and the evidence offered admitted on the merits.

Judgment affirmed.

Judges PARKER and MARTIN (Harry C.) concur.