GLADYS MARIE GERRINGER v. OTIS JOHN CALVIN GERRINGER

No. 7818DC784

(Filed 7 August 1979)

**Divorce and Alimony § 13.2— absolute divorce after one year's separation—effect of abandonment—beginning of separation**

  In plaintiff's action for absolute divorce on the ground of one year's separation, there was no merit to defendant's contention that as a matter of law their period of separation did not begin until the entry of judgment in plaintiff's prior action for permanent alimony and alimony pendente lite wherein alimony was denied because of plaintiff's willful abandonment of defendant, since abandonment is not available as a defense to an action under G.S. 50-6 and since the prior judicial determination did not mark the beginning of the parties' separation, their physical separation having occurred over three years before such determination.

APPEAL by defendant from *Cecil, Judge.* Judgment entered 14 July 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 21 May 1979.

Facts necessary for this decision are summarized in the opinion below.

*Gerald C. Parker for defendant appellant.*

*No counsel contra.*

MORRIS, Chief Judge.

Defendant appeals assigning error to the order of the district court granting plaintiff a decree of absolute divorce pursuant to G.S. 50-6. Plaintiff filed her action 22 March 1978 alleging that she and defendant were married 7 June 1952 in South Carolina; that they separated and continuously have been living apart since 3 May 1974; that she has been a resident of North Carolina for six months next preceding the commencement of this action; and that there are no pending actions for support or alimony between the parties. Plaintiff prayed only for a decree of absolute divorce. Defendant answered the complaint generally admitting the allegations, but denied that the parties had been separated since 3 May 1974. He pled in bar of this action a prior judgment entered 26 September 1977 in which plaintiff's action for alimony was dismissed and in which she was found to have abandoned defendant and their two minor children. Defendant also pleads as his

third defense plaintiff's adultery. He moved to dismiss the complaint. Nevertheless, the trial court entered judgment granting plaintiff an absolute divorce without alimony.

Defendant contends that as a matter of law their period of separation did not begin until the entry of judgment in his wife's prior action for permanent alimony and alimony pendente lite wherein alimony was denied because of her willful abandonment of defendant. His reasoning is apparently that at the time that prior suit was initiated, G.S. 50-6 permitted a plea of abandonment in bar of divorce because of one year's separation. Therefore, defendant would argue, our law cannot consider the period of separation prior to entry of that previous judgment 26 September 1977. We find no support for defendant's strained interpretation of the history of G.S. 50-6. Affecting all cases initiated since 1 August 1977, G.S. 50-6 has eliminated recriminatory defenses by the addition of the following language: "A plea of res judicata or of recrimination, with respect to any provision of G.S. 50-5 [and effective 11 June 1978, also G.S. 50-7] shall not be a bar to either party obtaining a divorce [under G.S. 50-6]." This amended statutory language was in effect when plaintiff initiated her action 22 March 1978. Therefore, abandonment is not available as a defense to an action under G.S. 50-6.

Defendant contends, nevertheless, that he is not pleading the prior judicial determination of abandonment in bar of the action, but only as a factor in determining the length of separation. We note that a judicially recognized separation may be considered in determining the period of separation. See e.g., Earles v. Earles, 29 N.C. App. 348, 224 S.E. 2d 284 (1976). However, a physical separation of the parties, which occurred 3 May 1974, accompanied by an intention on the part of at least one of the parties to cease the matrimonial obligation, is also a sufficient separation under the statute. See Earles v. Earles, id. There is no question but that such a separation occurred. Merely because abandonment was a defense to this action during a period of the separation does not render that period of separation ineffectual.

For the foregoing reasons, the order of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.