WADE LAPSLEY EDWARDS v. JO MEREDITH SHELTON EDWARDS

No. 7821DC1144

(Filed 16 October 1979)

1. **Divorce and Alimony § 5— defense of recrimination no longer available**

   The defense of recrimination cannot be asserted in actions for absolute divorce based on separation of the parties instituted after 31 July 1977 even if alleged acts of adultery by plaintiff occurred after the separation of the parties.

Edwards v. Edwards

2. **Divorce and Alimony § 5— fraud in procurement of separation agreement—recrimination**

> Defendant's allegations that plaintiff procured a separation agreement from her by fraudulently misrepresenting that he had not been seeing another woman during their marriage did not state a counterclaim for alimony or child custody or support, which may be asserted in an action for absolute divorce, but fell within the doctrine of recrimination, which may not be asserted in such an action.

3. **Husband and Wife § 24; Parent and Child § 4.1— alienation of affections of child—no right of action**

> One parent may not recover from the other parent for alienating the affections of their child.

APPEAL by defendant from *Kieger, Judge.* Order entered 9 October 1978 in District Court, FORSYTH County. Heard in the Court of Appeals 24 August 1979.

In this action, filed 10 July 1978 in the Forsyth County District Court, plaintiff husband sued the defendant wife for an absolute divorce on grounds of one year separation of the parties. On 12 October 1977 the plaintiff and defendant entered into a Deed of Separation dividing the property of the parties. The defendant answered plaintiff's complaint admitting the separation but alleging that plaintiff abandoned her when the parties separated in July 1977; that plaintiff had committed adultery on many occasions both before and after the separation of the parties; and that plaintiff had procured the Deed of Separation by fraud. By way of a third defense and counterclaim defendant claimed that the plaintiff had alienated the affections of the parties' adopted son, Gary Wade Edwards. Plaintiff replied to defendant's answer and counterclaim alleging recrimination was no defense to an absolute divorce under G.S. 50-6; denying that the Deed of Separation was procured by fraud and alleging his compliance with the provisions of that Deed; denying that he alienated the affections of the parties' son; and alleging that the defendant's third cause of action failed to state a claim upon which relief could be granted.

Plaintiff moved under G.S. 1A-1, Rule 12(c) for judgment on the pleadings and under Rule 56 for summary judgment. In support of his motions plaintiff offered the affidavit of his adopted son stating that his affections toward the defendant had not been alienated. Defendant offered the affidavits of a witness to circumstances supporting defendant's allegation of adultery and of

defendant herself alleging specific examples of her son's hostile conduct towards her which occurred under the plaintiff's influence. At a hearing on plaintiff's motions defendant orally moved to amend her pleadings, and this motion was denied by the trial court. From the trial court's order denying defendant's motion to amend her pleadings and granting plaintiff's motion to strike defendant's answer on grounds it failed to state a claim upon which relief could be granted, defendant appeals.

*Morrow, Fraser and Reavis, by John F. Morrow, for plaintiff appellee.*

*Page and Greeson, by Michael R. Greeson, Jr., for defendant appellant.*

WELLS, Judge.

Defendant assigns as error the trial court's refusal to grant her oral motion to amend her pleadings. Under G.S. 1A-1, Rule 15(a), after the time permitted for unrestricted unilateral amendment of pleadings has expired, a party "may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While the burden is on the party objecting to the amendment to show that he would be prejudiced thereby, *Vernon v. Crist,* 291 N.C. 646, 231 S.E. 2d 591 (1977), a motion under Rule 15(a) is addressed to the sound discretion of the trial judge and the denial of such motion is not reviewable absent a clear showing of an abuse of discretion. *Garage v. Holston,* 40 N.C. App. 400, 253 S.E. 2d 7 (1979). Since the record before us fails to indicate the content of defendant's proposed amendment and the circumstances surrounding the court's denial of her motion, we cannot say that the trial court has abused its discretion.

Defendant argues that the trial court erred in dismissing defendant's first and second defenses and her third defense and counterclaim. Defendant argues that her first defense, alleging plaintiff committed adultery after as well as before the separation of the parties, constitutes a valid defense to an action for absolute divorce based on a one year separation.

Prior to 1977, it was the settled law of this State that recrimination was available as a defense in bar of an action for absolute divorce based on the separation of the parties.

This jurisdiction recognizes the doctrine of recrimination, which allows a defendant in a divorce action to set up a defense in bar of the plaintiff's action that plaintiff was guilty of misconduct which in itself would be a ground for divorce.

*Hicks v. Hicks,* 275 N.C. 370, 373, 167 S.E. 2d 761, 763 (1969). *See also, Harrington v. Harrington,* 286 N.C. 260, 210 S.E. 2d 190 (1974); *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471 (1943); *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466 (1943); 1 Lee, N.C. Family Law § 88, p. 338 (1963).

The 1977 General Assembly amended G.S. 50-6 to specifically deny recrimination as a defense to an action for absolute divorce based on the separation of the parties.

Section 1. G.S. 50-6, as it appears in the 1976 Replacement of Volume 2A, is amended by adding the following sentences at the end thereof:

"A plea of *res judicata* or of recrimination with respect to any provision of G.S. 50-5 shall not be a bar to either party obtaining a divorce on this ground. . . ."

Sec. 2. This act shall become effective August 1, 1977, and shall not affect pending litigation.

1977 N.C. Sess. Laws, ch. 817.

We note that in the 1977 Second Session, the General Assembly again amended G.S. 50-6 to include actions brought pursuant to the provisions of G.S. 50-7 within the new rule. 1977 N.C. Sess. Laws, 2d Sess., ch. 1190.

[1] We hold that the defense of recrimination cannot be asserted in actions for absolute divorce instituted in this State after 31 July 1977. Since the present action was filed on 10 July 1978, the defense of recrimination was not available to defendant. *Smith v. Smith,* 42 N.C. App. 246, 256 S.E. 2d 282 (1979). Defendant in the case before us has argued that since some of the alleged adulterous acts on the part of the plaintiff occurred after the separation, those acts do not fall within the provisions of G.S. 50-6, as amended. We disagree. The 1977 amendment eliminates the *defense* of recrimination, and makes no distinction as the factual circumstances under which such a defense might be asserted.

[2] Defendant in her brief argues that her second defense, although not labeled a counterclaim, did in fact state a valid counterclaim against the plaintiff; that this counterclaim was compulsory or at least permissive pursuant to Rule 13(b) of the Rules of Civil Procedure; and that it was error for the trial court to strike it, either in context of a motion to dismiss or a motion for summary judgment. We cannot agree. The "defense" or "counterclaim" is set forth in defendant's answer, as follows:

> BY WAY OF FURTHER ANSWER AND DEFENSE, the defendant alleges that the plaintiff secured a Deed of Separation from the defendant by fraud by misrepresentation to his wife that he had not been seeing another woman during the course of their marriage when in fact he was regularly committing adultery with another woman. This misrepresentation of material fact caused the defendant to enter a Deed of Separation which she would not otherwise have entered into.

These allegations, considered in the most favorable possible light, do not state or constitute an action for alimony or for child custody or support. Such rights defendant may have asserted in a "counterclaim" or in a cross-action for divorce from bed and board, alimony without divorce, or for absolute divorce pursuant to the appropriate respective provisions of Chapter 50 of the General Statutes. There is no basis set forth in defendant's second defense for relief of any form provided under our statutes governing divorce, alimony, and child support. Moreover, defendant did not pray for any such relief, but prayed for damages, actual and punitive.

The alleged misconduct set forth in defendant's second defense falls clearly within the doctrine of recrimination discussed earlier in this opinion, and therefore was not available to defendant as a defense to plaintiff's action for divorce.

[3] Defendant also argues that the trial court erred in dismissing her counterclaim based on the plaintiff's alleged alienation of the affections of their son, Gary Wade Edwards. We note that the question whether a parent may recover from another parent for alienating the affections of their child is a matter of first impression in this State. The general rule is that, absent allegations of seduction or abduction, no such action will lie:

> It has so far been generally held in this country that the relation of parent and child, unlike that of husband and wife, will not support an action by the parent for the mere alienation of the affections of his child.

3 Lee, N.C. Family Law § 244, p. 132 (1963). *See also*, Annot., 60 A.L.R. 3d 931 (1974); 59 Am. Jur. 2d, Parent and Child § 107, p. 206; Prosser, Torts § 124, p. 883 (4th ed. 1971); RESTATEMENT (SECOND) OF TORTS § 699, p. 504 (1977).

The asserted cause of action was not known to the common law. *See, Pyle v. Waechter*, 202 Iowa 695, 210 N.W. 926 (1926). Nor has any provision been made for it under the statutory law of our State. In *Henson v. Thomas*, 231 N.C. 173, 56 S.E. 2d 432 (1949) our Supreme Court held that the children of a marriage have no cause of action against a third party for alienating the affections of their mother. We find the reasoning of the Court in *Henson* controlling in the instant case:

> The mutual rights and privileges of home life grow out of the marital status. Affection, guidance, companionship, loving care, and domestic service constitute, in part, the mother's contribution to the happiness and well-being of the family circle. Such obligations on her part are not legal in nature and may not be made the subject of commerce and bartered at the counter. [Citation omitted.]
>
> 　　　　*　　*　　*
>
> The problem here, in its last analysis, is sociological rather than legal. No one would question the fact that a child has an interest in all the benefits of the family circle. Nor may it be denied that the legislative branch of the government may give this interest such legal sanction as would make the invasion or destruction thereof a legal wrong. So far, it has not deemed it wise to do so.
>
> It is contended, however, that there is no statutory prohibition against this type of action; that the integrity of the relations and social considerations demand judicial recognition of defendant's liability for enticing plaintiffs' mother from the family home. But the social considerations and the alleged necessity or advisability of protecting the family relation by upholding the action here contended for are

arguments more properly addressed to the legislative branch of the government.

*Id.*, 231 N.C. at 175-176, 56 S.E. 2d at 433-434.

Although a cause of action exists for one spouse to recover for the alienation of the affections of the other spouse it does not necessarily follow that a parent may recover for the lost companionship of a child. As recognized by the Supreme Court of Iowa in *Pyle v. Waechter, supra,* 202 Iowa at 701, 210 N.W. at 929, the right of action for alienation of a spouse's affections:

> is based on the loss of the *consortium,* the conjugal society, and assistance of the spouse. It is a right which exists by virtue of the marriage relation, and is peculiar to it.

This Court has also recognized that the gravamen of the action for alienation of affections is a spouse's loss of the protected marital right of the affection, society, companionship and assistance of the other spouse. *Sebastian v. Kluttz,* 6 N.C. App. 201, 170 S.E. 2d 104 (1969). The relation of parent and child supports no legal right similar to that of consortium.

The trial court correctly dismissed defendant's third defense and counterclaim.

Affirmed.

Judges CLARK and ERWIN concur.