REBECCA M. BOONE v. WILLIAM H. BOONE

No. 7914DC441

(Filed 20 November 1979)

**Divorce and Alimony § 5— divorce based on year's separation—recrimination not defense**

Recrimination in the form of abandonment is unavailable as a defense in actions for divorce based on a year's separation brought after 31 July 1977 even though the alleged abandonment occurred prior to that date. G.S. 50-6.

APPEAL by defendant from *Read, Judge.* Order entered 13 March 1979 in District Court, DURHAM County. Heard in the Court of Appeals 13 November 1979.

*Alexander H. Barnes, for plaintiff appellee.*

*Newsom, Graham, Hedrick, Murray, Bryson & Kennon, by Josiah S. Murray III, and Lewis A. Cheek, for defendant appellant.*

VAUGHN, Judge.

Plaintiff started this action on 30 August 1978 seeking divorce from defendant on the ground of one year's separation. On 31 October 1978, after obtaining an order extending time to answer, defendant answered and pled as an affirmative defense and bar to plaintiff's claim for absolute divorce that plaintiff had willfully and wrongfully abandoned defendant on 8 July 1977. Plaintiff's motion to strike this affirmative defense pursuant to Rule 12(f) of the North Carolina Rules of Civil Procedure was granted. Defendant appeals the trial court's granting of this motion.

The wrongful and willful abandonment pled by defendant, as well as adultery, is a type of recriminatory defense that until recently could defeat an action for divorce based on a year's separation. *Harrington v. Harrington,* 286 N.C. 260, 210 S.E. 2d 190 (1974). The 1977 General Assembly through two amendments to G.S. 50-6 changed this on any action for divorce brought after 31 July 1977. *See* 1977 N.C. Sess. Laws c. 817 and 1977 N.C. Sess. Laws c. 1190. Recrimination cannot be asserted as a defense in actions for absolute divorce based on a year's separation brought after that date. Since plaintiff's action was begun on 30 August

1978, the defense of recrimination in the form of abandonment was not available to defendant even though the alleged abandonment occurred prior to the effective date of the statute. *Edwards v. Edwards*, 43 N.C. App. 296, 259 S.E. 2d 11 (1979); *Gerringer v. Gerringer*, 42 N.C. App. 580, 257 S.E. 2d 98 (1979); *Smith v. Smith*, 42 N.C. App. 246, 256 S.E. 2d 282 (1979).

The trial judge properly struck the abandonment defense. His order is

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.