BARBARA RICE SAWYER v. JOE RICHARD SAWYER

No. 8128DC137

(Filed 6 October 1981)

1. **Divorce and Alimony § 5— divorce based on separation—amendment abolishing defense of recrimination—marriage before amendment—due process**

     The amendment to G.S. 50-6 abolishing the defense of recrimination in a divorce action based on a year's separation does not deprive a party who was married before the amendment of a vested property right under the due process clause of the Fourteenth Amendment to the United States Constitution or the "law of the land clause" of Art. I, § 19 of the North Carolina Constitution.

2. **Divorce and Alimony § 5— divorce based on separation—amendment abolishing defense of recrimination—no deprivation of rights as tenant by the entirety**

     The amendment to G.S. 50-6 abolishing the defense of recrimination in a divorce action based on a year's separation does not deprive defendant husband of a vested property right as a tenant by the entirety without due process of law because it permits plaintiff wife to obtain a divorce from defendant and defeat defendant's right upon death of the wife to become the sole owner of the property held by the parties as tenants by the entirety.

APPEAL by defendant from *Styles, Judge.* Judgment entered 18 November 1980 in District Court, BUNCOMBE County. Heard in the Court of Appeals 15 September 1981.

Plaintiff sought an absolute divorce from defendant based upon one year's separation under G.S. 50-6. Defendant filed an answer containing, among other things, two affirmative defenses. In his First Affirmative Defense defendant contends that the parties' separation was occasioned by plaintiff's abandonment of defendant, a recriminatory defense. Also, defendant contends that G.S. 50-6 is unconstitutional in that it impairs the obligation of the contract of marriage, it operates to deprive defendant of property without due process of law, it denies equal protection of the laws, and it constitutes a retroactive law. In his Second Affirmative Defense defendant contends that plaintiff's divorce under the current G.S. 50-6 would divest defendant of his vested property rights in real estate the parties acquired in 1969 as tenants by the entirety.

Prior to trial, the trial judge struck defendant's First and Second Affirmative Defenses under G.S. 1A-1, Rule 12(f), as insuf-

ficient defenses to plaintiff's cause of action. At trial defendant's motion for involuntary dismissal under G.S. 1A-1, Rule 41(b) was denied. Judgment was entered for plaintiff, and defendant appeals therefrom. We affirm.

*Riddle, Shackelford & Hyler, by John E. Shackelford, for plaintiff-appellee.*

*Barnes, Wadford & Carter, by Steven Kropelnicki, Jr., for defendant-appellant.*

HILL, Judge.

Defendant contends on appeal that the trial judge erred in striking his affirmative defenses, in denying his motion for involuntary dismissal, and in granting to plaintiff an absolute divorce because these rulings require an unconstitutionally retroactive application of G.S. 50-6; to wit, the parties hereto were married before the amendment to G.S. 50-6 abolishing the defense of recrimination. In addition, defendant contends that this retroactive application of G.S. 50-6 divests him of vested property rights as a tenant by the entirety without due process of law. We do not agree.

[1] Substantially, the issue before us is whether the North Carolina legislature may abolish the defense of recrimination in a statute which is the basis of an action for divorce after one year's separation without unconstitutionally depriving a party of a vested property right under the due process clause of the 14th Amendment to the United States Constitution, and "the law of the land clause," Art. I, § 19 of the North Carolina Constitution, where the abolition of the defense occurred after the marriage sought to be dissolved.

> It has been held by the highest authority that marriage is an institution of society, creating a status which may be regulated and controlled by public law; that legislation affecting the institution or annulling the relation between the parties is not within the prohibition of the Constitution of the United States against the impairment of contracts, or against ex post facto laws.

*Tipping v. Tipping,* 82 F. 2d 828, 830 (D.C. Cir. 1936), *citing Maynard v. Hill,* 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654 (1888).

Likewise, the "power over divorces" is controlled by the legislature. *Maynard v. Hill, supra* at 209, 8 S.Ct. at 728, 31 L.Ed. at 658. Thus, our State's legislature created a divorce right under G.S. 50-6 based upon the parties' habitation separate and apart for one year. In 1977 and 1979 G.S. 50-6 was amended to provide that a divorce granted under this statute would not be barred by a plea of recrimination. These actions were within the legislature's control of the marital status. The defense of abandonment in the case *sub judice* was properly dismissed. *Boone v. Boone*, 44 N.C. App. 79, 259 S.E. 2d 921 (1979).

[2] We now turn to the question of whether the above legislative action deprived defendant of a vested property right as a tenant by the entirety without due process of law. The rights of tenants by the entirety originate from the common law when husband and wife were regarded as one person. "[U]pon the death of one, the whole belongs to the other, not solely by right of survivorship, but also by virture of the grant which vested the entire estate in each grantee." *Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 567 (1924), *quoted in Combs v. Combs*, 273 N.C. 462, 160 S.E. 2d 308 (1968). An absolute divorce destroys the unity of person and thereby converts an estate by the entirety into a tenancy in common, wherein the parties hold undivided one-half interests. *Highway Commission v. Myers*, 270 N.C. 258, 154 S.E. 2d 87 (1967); *Davis v. Bass, supra.* Thus, the common law relationship between tenants by the entirety makes it plain that their rights arise out of, and must depend upon, the continuance of the marital status.

The nature of the tenancy by the entirety, then, does not insulate it from legislative change. We find the following language determinative of this case:

> When a divorce occurs, the marital relation is altered, and the rights of the severed parties in the property are altered as well, so that the parties become tenants in common. This is not because of any retroactive effect of the decree of divorce on the original grant to the spouses, but because the creation of the tenancy by the entirety was dependent on their marriage and the marriage was a continuing condition for the existence of the tenancy. . . .

No matter, then, how the marital status is ended, by the very nature of the relationship between the tenants by the entirety their rights are immediately altered by that ending. *Plancher v. Plancher,* 35 A.D. 2d 417, 421, 317 N.Y.S. 2d 140, 143-44 (1970). *See generally Valladares v. Valladares,* --- A.D. 2d ---, 438 N.Y.S. 2d 810 (1981).

Therefore, we hold that defendant's right eventually to hold the entire property upon the death of his wife as a tenant by the entirety was not unconstitutionally taken away when the legislature removed his affirmative defense of abandonment by amendment to G.S. 50-6, thus allowing plaintiff's divorce from him. Defendant's argument is without merit.

Affirmed.

Judges HEDRICK and WHICHARD concur.