STELLA BARBER v. B. GEORGE BARBER.

(Filed 10 April, 1940.)

1. **Divorce § 14—Wife may have amount of alimony due under prior orders determined by the court upon motion in the cause.**

In the wife's suit for alimony without divorce, judgment was entered upon answer of the issues by the jury in the wife's favor, awarding her a certain sum per month. Thereafter upon application of the husband, the amount of the monthly payments was reduced. The wife subsequently filed a petition and motion in the cause stating that the husband was in arrears in the payment of the alimony ordered, and prayed that the amount of .the arrears be determined by the court, and judgment entered in her favor for the amount. Defendant demurred on the ground that

the petition alleged a personal action in-debt, and sought to recover a new judgment in debt, and that the relief could not be had by motion in the cause. *Held:* The judgment awarding alimony directed the payment of money, and the husband became indebted to his wife for such alimony as it became due, and the husband, being a party to the action for divorce without alimony, is bound by the decree, and having been given due notice of the motion, is in court for the purpose of such orders as, upon motion, are appropriate and customary, and the court therefore has jurisdiction to determine the amount of alimony in arrears and render judgment in plaintiff's favor for the amount, and defendant's demurrer was properly overruled.

**2. Divorce § 15—**

An order for the payment of alimony is *res judicata* between the parties, but is not a final judgment, since the court has the power, upon application of either party, to modify the orders for changed condition of the parties.

APPEAL by defendant from *Warlick, J.,* at January Term, 1940, of BUNCOMBE. Affirmed.

This is a motion in the cause made by plaintiff to recover of defendant arrearage of alimony allowed her in a former suit. In the year 1920, the plaintiff herein instituted a suit against the defendant in the Superior Court of Buncombe County asking for alimony, without divorce, for the maintenance and support of herself and three minor children born of the union of plaintiff and defendant. The defendant filed answer and set up a cross bill asking for divorce from plaintiff from bed and board. Upon the trial of the action, the jury found in favor of the plaintiff and against the defendant. The issues at June Term, 1921, of the Superior Court, from which no appeal was taken, were as follows:

"1. Were the plaintiff and defendant married, as alleged? Ans.: 'Yes.'

"2. Has the defendant, B. George Barber, separated himself from his wife and failed to provide her and the children of their marriage the necessary subsistence, according to his means and condition in life? Ans.: 'Yes.'

"3. Did the plaintiff, Stella P. Barber, maliciously turn the defendant out of doors? Ans.: 'No.'

"4. Has the plaintiff, Stella P. Barber, by cruel and barbarous treatment, endangered the life of the defendant? Ans.: 'No.'

"5. Has the plaintiff, Stella P. Barber, offered such indignities to the person of the defendant, B. George Barber, as to render his condition intolerable and his life burdensome? Ans.: 'No.'

"6. Has the plaintiff been a resident of the State of North Carolina for two years next preceding the commencement of this action? Ans.: 'Yes.'

"7. Has the defendant been a resident of the State of North Carolina

for two years next preceding the commencement of this action? Ans.: 'Yes.' "

Judgment was entered awarding the plaintiff the sum of $200.01 per month for herself and children, payable on or before the 4th day of each month.

On 15 October (October Term, 1929, of the Superior Court of Buncombe County), a hearing was had before Thos. L. Johnson, judge presiding, and a judgment was entered modifying the original order and allowance and ordering the defendant to pay to plaintiff the sum of $160.00 a month for the support of herself and minor children. This amount of monthly allowance to plaintiff was entered after a full hearing upon the establishment of defendant of a so-called "trust estate" for the benefit of plaintiff and her children and an examination into the personal income of defendant derived from sources other than those constituting the so-called "trust estate."

On 7 March, 1939, the plaintiff filed her present petition and motion in the cause, the petition being a long, detailed statement. She alleges that defendant instituted a suit against her for divorce in Fulton County, Ga., of which she had no notice and defendant had a final decree of divorce on 1 April, 1929, and asked that this alleged divorce be declared a nullity. She alleges that the defendant defaulted in the payments as set out in the judgment rendered at the October Term, 1929, the said default being a partial one from 5 August, 1931, and a total default from 5 August, 1932; that she recover of the defendant a judgment in the sum of $16,428.50, due her under the former judgment. That defendant is now a nonresident of the State. Defendant thereupon entered a special appearance and moved to dismiss the petition of plaintiff for want of jurisdiction and lack of service upon defendant. The special appearance and motion to dismiss filed by the defendant was overruled by his Honor, J. Will Pless, Jr., on 24 March, 1939, and upon appeal to this Court, the said judgment was affirmed in the case of *Barber v. Barber*, 216 N. C., 232.

Following the decision of this Court in *Barber v. Barber, supra,* the defendant herein then entered a general appearance and demurrer to the plaintiff's petition, which is as follows:

"1. The court has no jurisdiction of the subject matter alleged in the petition, nor the relief sought thereby, for that: (a) As appears upon the face of the petition, plaintiff has attempted, by way of motion in the cause, to institute a personal action against the defendant sounding in debt for installments alleged to be past due and unpaid on a judgment, which matter cannot be heard on summary motion in the cause. (b) That as appears upon the face of the plaintiff's petition, plaintiff seeks to recover a new judgment against this defendant sounding in debt in

the amount of $16,428.50, which relief cannot be had on motion in the cause. (c) Under section 1667 of the Consolidated Statutes, upon which this action is founded, the court is without jurisdiction to enter judgment prayed for in the petition of plaintiff.

"2. The plaintiff fails to allege in said petition facts sufficient to entitle her to the relief sought therein with respect to the divorce decree alleged to have been rendered by the court of Georgia, for that: (a) There are no facts alleged in said petition of plaintiff by which it appears that plaintiff's rights in this cause of action are in any way affected by said decree. (b) It appears upon the face of said petition that the validity of said decree, or decrees, is immaterial to this cause of action."

The matter was heard by his Honor, Wilson Warlick, at the January Term, 1940, of Buncombe County Superior Court, and judgment entered as follows: "This cause coming on to be heard and being heard before the undersigned judge at the Regular January Term, 1940, of the Superior Court of Buncombe County, upon the demurrer filed by the defendant to the petition of the plaintiff in this cause, and the court being of the opinion and so holding that the petitioner cannot attack the validity of the Georgia divorce set out in the petition in this cause: Now, therefore, it is ordered that the demurrer filed by the defendant be, and the same hereby is, sustained as to that portion of the petition and the prayer for relief which seeks to have the Georgia divorce described in the petition declared a nullity. It is further ordered that the demurrer be, and the same hereby is, overruled as to all matters set forth in said demurrer, with the exception of the Georgia divorce: And it is further ordered that defendant shall have thirty days from the filing of this order within which to file such pleadings as he may deem advisable. This the 19th day of January, 1940. Wilson Warlick, Judge Superior Court."

From this judgment, the defendant excepted, assigned error and appealed to the Supreme Court.

*Jordan & Horner for plaintiff.*
*Weaver & Miller for defendant.*

CLARKSON, J. The question involved: Has the Superior Court power, by motion in the original cause in a suit instituted for alimony without divorce, to determine the amount owed by the defendant to the plaintiff under the former judgments of the court and to enter its decree judicially determining the amount so due and in arrears? We think so.

Where the pleadings for alimony without divorce (under sec. 1567, ch. 31 of Revisal, Laws of 1871-2, ch. 193, sec. 39) raises an issue of fact, it is for the jury to determine. *Crews v. Crews,* 175 N. C., 168.

In the present action the issues of fact were settled by the jury at June Term, 1920, from which defendant took no appeal. The court below, in its sound discretion, fixed the amount of alimony which defendant was to pay the plaintiff at $200.01 a month. No appeal was taken from this judgment. At October Term, 1929, upon petition of defendant, judgment was entered modifying the original order of allowance to $160.00 a month, from which no appeal was taken. The gravamen of the present petition in the cause made by plaintiff is to ascertain the balance due on the original judgment and render judgment therefor.

Under the old law, as it was in the *Crews case, supra,* there was no provision whereby the wife could obtain alimony during the determination of the issues involved in her suit. In 1919 an amendment was added whereby the wife might apply for an allowance for her subsistence during the pendency of her main action. Laws of 1919, ch. 24. It may be noted that two distinct remedies are therein provided: first, the action for alimony without divorce; second, the application for an allowance for subsistence *pendente lite.* Chapter 52, Laws of 1923, amended this section by allowing the husband to plead the adultery of the wife in bar of her right to such alimony. The jury passed on the issues of fact in this action before the amendments above set forth were added.

In *Walton v. Walton,* 178 N. C., 73 (75), it is written: "The question presented is the right of the plaintiff to a warrant of attachment as an ancillary remedy to her cause of action. Chapter 24, Laws 1919, prescribes that the wife abandoned by her husband is entitled 'to have a reasonable subsistence allotted and paid or secured to her from the estate or earnings of her husband.' This gives the wife who has been abandoned a remedy both *in personam* and *in rem.* The attachment is to secure the property so that it may be held to satisfy the judgment when rendered and also as a basis for publication of the summons. The wife has always had the remedy of garnisheeing the salary or wages of her husband in such cases, and she is entitled to an attachment of the property for the same reason. Otherwise the defendant, pending litigation, can sell or convey his property, or creditors may attach it for debt or obtain prior liens by judgment. The defendant contends that an attachment does not lie under Rev., 758, unless there is a breach of contract, express or implied. We are of opinion that the husband is under an implied contract, for he is primarily liable for the support and maintenance of his wife. *Levi v. Marsha,* 122 N. C., 567."

Speaking to the subject in *Anderson v. Anderson,* 183 N. C., 139 (143), it is said: "In *Crews v. Crews,* 175 N. C., 173, cited by the defendant, the definition of the word 'estate' is not restricted to 'income,' but is enlarged so as to embrace income whether arising from permanent property or earnings, for that it is clearly said that alimony could be

assigned from both tangible and intangible property (*Reid v. Neal,* 182 N. C., 199); and in *White v. White,* 179 N. C., 592, it was held that the court may declare alimony a lien upon the husband's lands, even in the absence of notice to him that his wife had instituted a proceeding for that purpose. . . . The defendant's obligation to support the plaintiff during the existence of the marital relation is not a 'debt' within the meaning of Art. X, secs. 1 and 2, of the Constitution. . . . (144) This duty is not a mere incident of contract, but it arises out of the very nature and purpose of the marriage relation; and this relation civilized mankind regard as the only stable foundation of our social and civil institutions. Hence, both law and society demand that the marriage relation be recognized, respected, and maintained, and that the husband's duty to support his wife and their offspring be awarded higher sanction than the strait contractural obligation to pay value for a yoke of oxen or a piece of land. The defendant, therefore, cannot escape the performance of his duty to support the plaintiff on the ground that he sustains toward her the relation of a mere debtor. Rodgers on Domestic Relations, sec. 2, *et seq.*" *Holton v. Holton,* 186 N. C., 355; *Kiser v. Kiser,* 203 N. C., 428; *Walker v. Walker,* 204 N. C., 210; *Tiedemann v. Tiedemann,* 204 N. C., 682.

A judgment awarding alimony is a judgment directing the payment of money by a defendant to plaintiff and, by such judgment, the defendant thereupon becomes indebted to the plaintiff for such alimony as it becomes due, and when the defendant is in arrears in the payment of alimony the court may, on application of plaintiff, judicially determine the amount then due and enter its decree accordingly. The defendant, being a party to the action and having been given due notice of the motion, is bound by such decree, and the plaintiff is entitled to all the remedies provided by law for the enforcement thereof. *Vaughan v. Vaughan,* 211 N. C., 354 (361).

This Court has held that the allowance of alimony is higher than the "strait contractual obligation." It is a claim that the Homestead Exemption cannot be called on to defeat; the failure to pay is the breach of an implied contract and attachment will lie; the court may declare it a lien on the husband's property; the property, both real and personal, can be held and appropriated to pay it. The motion in the cause can be dealt with only as a petition for the ascertainment of the alimony due the plaintiff under former orders of the court, looking toward enforcement against the defendant by appropriate proceeding. It is not a final judgment in the action, since both the plaintiff and the defendant may apply for other orders and for modifications of orders already made, which the court will allow as the ends of justice require, according to the changed conditions of the parties. The orders made from time to time

are, of course, *res judicata* between the parties, subject to this power of the court to modify them. The consolidation of the amounts due, when ascertained in one order or decree, does not invest any of these orders with any other character than that which they originally had. If the defendant is in court only by reason of the original service of summons, he is in court only for such orders as, upon motion, are appropriate and customary in the proceeding thus instituted. There is no reason why a judgment should not be rendered on an allowance for alimony, which is a debt—and more than an ordinary one. The court below, in its sound discretion, which is not ordinarily reviewable by this Court, under the motion of plaintiff in this cause can hear the facts, change of conditions of the parties, the present needs of support of any of the children and, in its sound discretion, render judgment for what defendant owes under the former judgment and failed to pay and see to it that such judgment is given to protect plaintiff, and "give diligence to make her (your) calling and election sure."

For the reasons given, we see no error in the judgment of the court below overruling the demurrer. The judgment is

Affirmed.