## CLAIR G. SEARS v. MARIE SEARS.

(Filed 23 November, 1960.)

1. **Divorce and Alimony § 25: Constitutional Law § 26: Judgments § 32—**

A decree of divorce rendered in another state having jurisdiction of the parties is *res judicata* as to all matters in issue and determined therein. Constitution of the United States, Art. IV, Sec. 1.

2. **Divorce and Alimony § 16—**

A decree of divorce *a mensa et thoro*, awarding permanent support, obtained by the wife in another state, is a bar to a cross action for alimony without divorce set up by her in the husband's action instituted here for divorce on the ground of two years separation, since even though the judgment for subsistence is not final, it is subject to modification only by the court rendering the decree, and is therefore *res judicata* the matter.

3. **Divorce and Alimony § 4—**

The doctrine of recrimination obtains in this State, and a defendant in an action for divorce may set up as a defense in bar that plaintiff himself is guilty of misconduct constituting ground for divorce.

3. **Same: Divorce and Alimony § 13—**

A decree awarding a divorce *a mensa et thoro* with permanent subsistence to the wife based upon the misconduct of the husband does not preclude the husband from maintaining an action for divorce on the ground of two years separation, G.S. 50-6, when such action is instituted more than two years subsequent to the rendition of the decree of divorce, since the effect of the decree is to legalize the separation even though the separation was initially due to the fault of the husband, and there-

fore the husband's initial misconduct cannot be made the basis of a plea of recrimination.

**5. Divorce and Alimony § 13—**

A decree of absolute divorce on the ground of two years separation obtained by the husband does not affect the wife's right to continued subsistence in accordance with a prior decree obtained by her. G.S. 50-11.

APPEAL by defendant from *Sharp, S. J.*, at June 6, 1960 Special Civil Term, of MECKLENBURG.

Civil action for absolute divorce on the grounds of two years separation, as provided by G.S. 50-6.

Clair G. Sears, the husband, a resident of North Carolina, filed this action on 27 January 1960, for absolute divorce on the ground of two-years separation. The wife, Marie Sears, answered, setting up certain defenses and counterclaims.

First: A counterclaim for alimony without divorce pursuant to G.S. 50-16, and incorporated within her First Further Answer and Defense a plea as follows: "7. That in 1951 this defendant, as plaintiff, instituted an action in the Supreme Court of the State of New York, Queens County, against the plaintiff, as defendant, for a divorce from bed and board and for support. That in said action judgment was entered granting this defendant, as plaintiff in said action, a divorce from bed and board because of the cruel and inhuman treatment by the defendant therein, the plaintiff herein, and ordering the plaintiff herein to pay to the defendant herein permanent support and maintenance.

"8. That this defendant specifically pleads the complaint of this defendant in said action in New York, the Findings of Fact and the Conclusions of Law and the Judgment entered therein as part of this Further Answer and Defense and this defendant hereby incorporates by reference such public records as a part of this paragraph as fully and to the same extent as if set forth herein verbatim."

Second: A counterclaim for a money judgment for past due installments due to the defendant-wife from the plaintiff-husband pursuant to the final judgment issued by the Supreme Court of New York, Queens County, as stated above in paragraph 7 and 8 of defendant-wife's answer.

And Third: A plea of recrimination as a bar to the right of the husband to a divorce, setting forth abandonment of the wife by the husband, and the cruel and inhuman conduct of the husband, as found as a fact by the New York court.

Thereafter, the plaintiff-husband filed a motion to strike portions

of the Answer and the entire Second and Third Further Answers and Defenses. When the motion to strike came on for hearing the plaintiff-husband demurred *ore tenus to* the First, Second and Third Further Answers and Defenses of the defendant-wife upon the ground that said defenses do not state facts sufficient to constitute defenses to the action of the plaintiff for absolute divorce.

The court sustained the demurrer *ore tenus* to the First and Third Further Answers and Defenses. And from judgment in accordance therewith, the defendant-wife appeals to the Supreme Court and assigns error.

*Charles T. Myers for plaintiff, appellee.*
*Clayton & London for defendant, appellant.*

WINBORNE, C. J. The questions presented on appeal are whether or not the lower court erred in sustaining the plaintiff-husband's demurrer *ore tenus* to the defendant-wife's First and Third Further Answers and Defenses.

As is shown above, the defendant-wife stated in her answer that she had obtained a judgment of divorce from bed and board from the plaintiff-husband in the courts of New York State on the grounds of cruel and inhuman treatment, and that the New York decree ordered the husband, plaintiff here, to pay to the wife, defendant here, permanent support. Therefore, the first question for decision is this: In an action for absolute divorce in North Carolina, is a counter-claim by the defendant-wife for alimony without divorce barred when the counterclaim shows upon its face that the wife has secured a prior New York judgment for divorce *a mensa et thoro,* and an award of permanent support and maintenance?

The rule in North Carolina is that a divorce decree rendered in a sister state which is valid and entitled to recognition under the Full Faith and Credit Clause of the United States Constitution, Art. IV, Sec. 1, is *res judicata* as to all matters in issue and determined, and a bar to a subsequent suit for the same relief. *Arrington v. Arrington,* 127 N.C. 190, 37 S.E. 212; *Jenkins v. Jenkins,* 225 N.C. 681, 36 S.E. 2d 233; *Howland v. Stitzer,* 231 N.C. 528, 58 S.E. 2d 104; *Barber v. Barber,* 217 N.C. 422, 8 S.E. 2d 204; *Kinross-Wright v. Kinross-Wright,* 248 N.C. 1, 102 S.E. 2d 469.

In the *Howland v. Stitzer* case, *supra, Denny, J.,* writing for the Court, said: " 'Under the full faith and credit clause of the Constitution of the United States, a judgment rendered by a court of one State is, in the courts of another State of the Union, binding

and conclusive as to the merits adjudicated. It is improper to permit an alteration or re-examination of the judgment, or of the grounds on which it is based * * *.' "

· Thus it appears that there is nothing in this case to indicate that the New York judgment is not valid. Indeed, the defendant-wife who procured that judgment pleads it as a valid decree. The doctrine of *res judicata* is clearly applicable to the situation presented by the pleadings herein. The parties here are the identical litigants who were· before the New York court in 1952 when the judgment was entered granting defendant-wife a divorce *a mensa et thoro* and support and maintenance. Indeed, as is stated in *Bates v. Bodie*, 245 U.S. 520, 38 S. Ct. 182, 62 L. Ed. 444, " * * * If the second action is upon the same claim or demand as that upon which the judgment pleaded was rendered the judgment is an absolute bar * * * ."

In *Barber v. Barber, supra,* and *Kinross-Wright v. Kinross-Wright, supra,* it is said that an order for the payment of alimony is *res judicata* between the parties, but is not a final judgment, since the court has power to modify the orders for changed conditions of the parties.

And in *Fischli v. Fischli*, 1 Blackf. 360, 12 Am. Dec. 251, the Indiana Court held that: " * * * a judgment or decree obtained in another State is conclusive here as to all matters which were or might have been then adjudicated. Hence a decree of divorce in Kentucky, in which alimony was allowed, concludes the wife from applying in this State for a further provision although such original allowance was insufficient * * * Divorces *a mensa et thoro*, in England, and statutory divorces here, and the consequent allowance of alimony, are·predicated on the relationship of husband and wife, and the obligation of the husband to provide for the suitable maintenance of the· wife. Taking the matter then as it stood in England, we find no precedent, except in a few extreme cases, where any· court has interfered in granting a maintenance to the wife, other than the court that granted the divorce * * * ."

·And ·*Maclay v. Maclay*, 147 Fla., 77, 2 So. 2d 361, is a case in which it was held that a New York decree of divorce *a mensa et thoro* which adjudicated that the husband was guilty of wrongdoing, and was granted because of the husband's cruel and inhuman treatment toward his wife was *res judicata* as to issues there determined, in husband's Florida suit for ·divorce.

Moreover, in Nelson On Divorce, 2nd Ed. p. 522,· it is said: ." * * * An alimony or support decree rendered in one State, or a provision for alimony or support, being such as to be accorded recog-

nition in another State under the Full Faith and Credit Clause * * * may operate in the latter State as a bar to another action for alimony, or as an adjudication of matters determined or involved in its rendition * * * ."

Furthermore, in *Howland v. Stitzer, supra, Justice Denny,* quoting from *Paulin v. Paulin,* 195 Ill. App. 352, said: " 'True it is that every decree for alimony is subject to be varied at a subsequent time by the court entering the decree, yet no other court can disturb it, and until such court does so, it remains fast, firm, and final.' "

The next question is whether or not the defendant-wife's plea of recrimination is a bar to the right of the husband to get an absolute divorce in this action. The plaintiff-husband contends that since a final judgment of divorce from bed and board, *a mensa et thoro,* had been obtained more than two years from the time he instituted this suit for divorce *a vinculo matrimonii,* the defendant-wife cannot now set up the defense of recrimination even though it has been judicially determined that he, plaintiff-husband, was at fault.

The doctrine of recrimination is recognized in North Carolina. It is well settled that the defendant to an action for divorce may set up as a defense in bar that the plaintiff was guilty of misconduct which in itself is a ground for divorce. Also our divorce statutes do not authorize the granting of a divorce to one spouse where the other pleads and establishes recrimination.

In *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466, *Stacy, C. J.,* writing for the Court, declared: " * * * It is true the statute under review provides that either party may sue for a divorce or for a dissolution of the bonds of matrimony, 'if and when the husband and wife have lived separate and apart for two years', etc. However, it is not to be supposed the General Assembly intended to authorize one spouse willfully and wrongfully to abandon the other for a period of two years, and then reward the faithless spouse a divorce for the wrong committed, in the face of a plea in bar based on such wrong * * * ." See also *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471.

However, in *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444, this Court held that the effect of a judgment granting a divorce *a mensa et thoro* was to legalize the separation of the parties which theretofore had been caused by the husband's actions, and that after two years from the date of such judgment, the husband could proceed to an absolute divorce. See also *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296.

In fine, the effect of the judgment in *Lockhart v. Lockhart, supra,* was to legalize the separation of the parties which theretofore had

been an abandonment on the part of the plaintiff. He could not thereafter be charged with desertion.

Therefore, the husband is entitled to bring his action for an absolute divorce regardless of fault since the New York judgment in 1952 had the effect of legalizing the separation date, and the wife cannot defend on the ground of recrimination.

Nothing in this decision or in any decree of divorce granted in this action shall have the effect of impairing or destroying any right of the defendant-wife to receive alimony or other rights provided for her under any judgment or decree of a court of competent jurisdiction rendered before the rendering of a judgment of absolute divorce herein. G.S. 50-11.

For reason stated, the judgment below is
Affirmed.