IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY COLEY PROPER-TIES, INC., A NORTH CAROLINA CORPORATION, BY E. JAMES MOORE, SUBSTITUTED TRUSTEE

No. 8022SC468

(Filed 20 January 1981)

1. Mortgages and Deeds of Trust § 25— appeal of foreclosure proceeding — requirements of bond

In foreclosure proceedings a clerk may require a bond by an appealing respondent pursuant to G.S. 45-21.16(d), and a superior court judge may require a bond upon appeal from that court pursuant to G.S. 1-292, and if the bond is not posted, the trustee may proceed with the foreclosure; however, neither statute gives the clerk or judge the power to make the posting of a bond a condition to the appeal, and it was error for the superior court to dismiss respondents' appeal from that court when the bond required by the court was not posted.

2. Mortgages and Deeds of Trust § 25— foreclosure proceeding — advancements on notes secured by deed of trust — use of "shuck note" as evidence of advancements

In a proceeding to foreclose a deed of trust securing a note to a bank which provided for future advancements, testimony that advancements were made on the original note and that "shuck notes" not secured by a deed of trust were used as

evidence of the advancements on the original note was sufficient to support a finding by the court that advancements were made on the original note which was secured by the deed of trust.

APPEAL by respondents Coley Properties, Inc., Charles R. Coley and Patricia H. Coley from *Hairston, Judge.* Judgment entered 28 January 1980 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 11 November 1980.

This appeal involves a foreclosure proceeding filed on 8 October 1979. After a hearing, the clerk of superior court authorized a foreclosure, and the respondents appealed to the superior court. The clerk ordered the respondents to post a bond of $60,000.00 to protect the petitioner, which the respondents failed to do.

The matter was heard by Judge Hairston, at which time the petitioner presented evidence that the respondents executed a note to the Northwestern Bank dated 13 December 1976 in the amount of $1,095,000.00 secured by a deed of trust of the same date which was duly recorded in Alexander County. The note provided for future advances. David Deal, Jr., the executive vice-president of Northwestern Bank in Taylorsville, testified that at the time the note and deed of trust were executed, he discussed future advancements on the note with the Coleys. He testified further, "[w]hen those advances were made, the Bank used a written instrument which we call a shuck note, which was normally signed by the borrower evidencing advances . . . ." On 5 May 1977 a "shuck note" in the amount of $938,000.00 was executed which represented all the advances with interest which had been made. This sum was due and not paid by the borrower.

The court found facts sufficient under G.S. 45-21.16(d) for the trustee to sell the property under the deed of trust and entered an order authorizing the substituted trustee to proceed with the foreclosure. The respondents gave notice of appeal, the court ordered that the respondents post a bond in the amount of $500,000.00 within 30 days to protect the Northwestern Bank from any probable loss by reason of the appeal.

On 12 March 1980 the superior court purported to dismiss the appeal for the reason that the $500,000.00 bond had not been filed. The respondents gave notice of appeal from the order dismissing the appeal and filed a petition for a writ of certiorari with this Court. This Court allowed the petition and issued the writ of certiorari.

In re Foreclosure of Deed of Trust

*Hudson, Petree, Stockton, Stockton and Robinson, by William F. Maready, and Fleming, Robinson, Bradshaw and Hinson, by John R. Wester, for petitioner appellees.*

*James, McElroy and Diehl, by William K. Diehl, Jr., for respondent appellants.*

WEBB, Judge.

**[1]** We consider first the requirement that the respondents post a bond. In foreclosure proceedings a clerk may require a bond by an appealing respondent pursuant to G.S. 45-21.16(d), and a superior court judge may require a bond upon appeal from that court pursuant to G.S. 1-292, *In re Simon,* 36 N.C. App. 51, 243 S.E.2d 163 (1978). G.S. 45-21.16(d) provides in part as follows:

> The act of the clerk . . . may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act. Appeals from said act of the clerk shall be heard de novo. If an appeal is taken from the clerk's findings, the appealing party shall post a bond with sufficient surety as the clerk deems adequate to protect the opposing party from any probable loss by reason of appeal; and upon posting of the bond the clerk shall stay the foreclosure pending appeal.

G.S. 1-292 provides in part:

> If the judgment appealed from directs the sale or delivery of possession of real property, the execution is not stayed, unless a bond is executed on the part of the appellant, with one or more sureties, to the effect that, during his possession of such property, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which must be specified in the undertaking.

As we read these two statutes, each provides protection for the foreclosing party by giving the clerk in one case and the judge in the other the power to require the appealing party to post a bond. If the bond is

**In re Foreclosure of Deed of Trust**

not posted, the trustee may proceed with the foreclosure. Neither statute gives the clerk or judge the power to make the posting of a bond a condition to the appeal.

In the case sub judice, the trustee could have proceeded with the foreclosure since the respondents did not post a bond as required by the clerk or judge. The superior court did not have the power to require the respondents to post a bond as a condition to the appeal, and it was error for the superior court to dismiss the appeal when the bond was not posted.

**[2]**   We next address the question of the correctness of the order in the superior court that the trustee be authorized to proceed with the foreclosure. The appellants do not contend the court did not find sufficient facts to authorize the foreclosure sale pursuant to G.S. 45-21.16(d). They do contend the evidence does not justify the findings of fact. They argue that the evidence shows there was not an advancement on the note of 13 December 1976. The respondents say the advancements were made on the "shuck note" which was not secured by deed of trust and the foreclosure sale should not have been authorized. We hold that the testimony of Mr. Deal that the advancements were made on the note, and the "shuck notes" were used as evidence of the advancements on the original note, was testimony from which the court could find that advancements were made on the note dated 13 December 1976. The evidence supported the findings of fact by the superior court, and we are bound by them. *See In re Cooke,* 37 N.C. App. 575, 246 S.E. 2d 801 (1978).

We reverse the order of the superior court dismissing the appeal for the failure to post a bond. We affirm the order of the superior court which authorized the trustee to foreclose under the deed of trust.

Reversed in part; affirmed in part.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.