DONNA LAPER FAUGHT v. WILLIAM FLENER FAUGHT

No. 8014DC628

(Filed 17 February 1981)

1. **Appeal and Error § 17— order for alimony and counsel fees — stay bond pending appeal — dismissal of appeal for failure to post bond**

Portions of a judgment requiring defendant to pay alimony and counsel fees constituted a "judgment directing the payment of money" within the meaning of G.S. 1-289, and the court had authority under the statute to require defendant to post a bond in order to stay execution pending appeal of the judgment. However, the court did not have the authority under G.S. 1-289 to dismiss defendant's appeal for failure of defendant to post the required bond but had authority only to dissolve any stay already issued.

2. **Appeal and Error § 17— order requiring transfer of property — dismissal of appeal for failure to post stay bond**

While G.S. 1-290 and G.S. 1-292 gave the court authority to stay execution on a judgment requiring the parties to transfer personal and real property upon the posting of a bond, the court had no authority to dismiss an appeal for the appellant's failure to post the bond.

APPEAL by defendant from *LaBarre, Judge.* Order entered 5 March 1980 in District Court, DURHAM County. Heard in the Court of Appeals 15 January 1981.

This is an appeal from an order dated 5 March 1980 dismissing defendant's appeal from an order entered in the District Court on 27 December 1979 in a proceeding wherein plaintiff sought alimony and counsel fees, and a "division of joint properties of the marriage." After a hearing on plaintiff's claim the trial judge made detailed findings and conclusions, and by order dated 27 December 1979, the trial court provided:

1. That the defendant pay to the plaintiff as permanent alimony, the sum of Twelve Hundred Sixty Dollars ($1,260.00) per month beginning December 1, 1979 and on the first of each month thereafter until the plaintiff's death or remarriage. That this sum be paid monthly as specified to the Clerk of Superior Court of Durham County on behalf of and for disbursement to the plaintiff.

2. That the defendant shall maintain full health insurance coverage, including major medical benefits on behalf of the plaintiff either through military insurance

provided while they were married or private insurance provided upon their divorce or military benefits otherwise being terminated.

3. That from the funds presently being held by Branch Banking and Trust Company in Certificate of deposit number 335-3010017, the sum of Eight Thousand Nine Hundred Forty Dollars ($8,940.00) be paid to the plaintiff to be designated for the following purposes: (a) Five Thousand Forty Dollars ($5,050.00) [sic] as alimony for the months of August, September, October and November, 1979; (b) Fourteen Hundred Dollars ($1,400.00) as reasonable attorney fees to be paid to the attorney for the plaintiff; (c) Two Thousand Five Hundred Dollars ($2,500.00) as a lump sum distribution. That the balance of the funds being held in the certificate of deposit should be distributed to the defendant for the purpose of offsetting those debts which have been deemed his sole responsibility.

4. That the defendant promptly transfer any and all interest he has in that townhouse located at 170 Ridge Trail, Chapel Hill, North Carolina to the plaintiff, upon her agreement to assume the outstanding balances owed on the two Deeds of Trust presently encumbering said property. That this transfer is conditioned upon the plaintiff voluntarily transferring any and all interest she owns in that condominium located at 1803 Sea Watch, Ocean City, Maryland to the defendant upon his agreement to assume the outstanding balances owed on the two mortgages presently encumbering that property.

5. That any rents presently being held by Leland Realty as rental agent for the condominium at 1803 Sea Watch, Ocean City, Maryland be divided equally between the parties and disbursed to them.

6. That the furniture presently in the possession of each of the parties is deemed owned by each of them individually. That those items of furniture and personal property shown on the list attached hereto and incorporated herein by reference which are presently stored with United Van Lines, Inc. are deemed the sole property of the plain-

tiff, with the exception of the items designated under the paragraph entitled "Crystal, China, Glass and Figurines", referring to various barrels of personal property in storage. That those items of personal property located within the barrels which are identified by the plaintiff as having been given specifically to her are deemed her sole property. That the remaining items located within those barrels and any other items of furniture or personal property that are in storage and not specifically listed on the attached list, are deemed to be the joint property of the parties.

7. That the outstanding claim against Armed Forces Cooperative Insurance Association for items lost or damaged intransit [sic] is deemed the joint property of the parties, and should be processed in the name of the defendant expeditiously, with any proceeds realized from said claim being divided equally between the plaintiff and the defendant when received.

8. That the outstanding balances owed on the loans from Michael Faught and Mark Laseau are deemed the joint property of the parties and any proceeds realized from either loan are to be divided equally between the parties when received.

9. That the defendant shall pay any and all debts owed by the parties, with the exception of: (a) any income tax liability arising from capital gains realized from the sale of the parties' jointly owned residences at 1002 Danton Lane, Alexandria, Virginia and 8253 Doctor Craik Court, Alexandria, Virginia, (b) the outstanding balance owed by the plaintiff on her individual car loan; (c) and the monies owed by the plaintiff to her mother, Roxie Scott Laper.

10. That the costs of this action shall be taxed to the defendant.

On 4 January 1980, defendant gave notice of appeal from the foregoing order, and thereafter made a motion pursuant to G.S. § 1A-1, Rule 62(d) for "a stay of proceeding" pending the appeal. This motion was allowed by an order dated 22 January 1980. Also on 22

January 1980, plaintiff filed a motion for an order requiring defendant, having obtained a "Stay of Execution," to post a "cash bond" pursuant to G.S. §§ 1-289, 290, and 292. The court allowed plaintiff's motion the same day, ordering that defendant post a bond in the sum of $45,500 "in order to protect the interest of the plaintiff/appellee under the judgment pending the appeal . . . ." On 13 February 1980, plaintiff, pursuant to G.S. § 1-289 *et. seq.*, moved that the appeal be dismissed for defendant's failure to post the bond, or in the alternative to dissolve the stay of execution. On 5 March 1980, the court entered two orders, one dismissing defendant's appeal from the 27 December 1979 order for his failure to post the bond required by the 22 January 1980 order, and the other dissolving the stay of execution granted on 22 January 1980.

From the order dated 5 March 1980 dismissing his appeal from the 27 December 1979 order, defendant appealed to this Court.

*Maxwell, Freeman, Beason and Lambe, by Homa J. Freeman, Jr., for the plaintiff appellee.*

*Timothy E. Oates, for the defendant appellant.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the trial court erred in dismissing defendant's appeal from the order entered 27 December 1979. Resolution of this question requires an examination of G.S. § 1-289, the statute upon which Judge LaBarre purported to dismiss the appeal, and G.S. § 1-294.

G.S. § 1-289 in pertinent part provides:

If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal. Whenever it is satisfactorily made to appear to the court that

since the execution of the undertaking the sureties have become insolvent, the court may, by rule or order, require the appellant to execute, file and serve a new undertaking, as above. In case of neglect to execute such undertaking within twenty days after the service of a copy of the rule or order requiring it, the appeal may, on motion of the court, be dismissed with costs . . . . The perfecting of an appeal by giving the undertaking mentioned in this section stays proceedings in the court below upon the judgment appealed from; . . .

G.S. § 1-294 in pertinent part provides:

When an appeal is perfected as provided by this article, it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

[1] We perceive G.S. § 1-289 to be an exception to G.S. § 1-294, which provides the general rule regarding the stay of proceedings pending appeal, and in our view, G.S. § 1-289 is applicable only in cases involving a "judgment directing the payment of money." Our courts have generally held that an order requiring the payment of alimony is a "judgment directing the payment of money." *Barber v. Barber*, 217 N.C. 422, 8 S.E.2d 204 (1940); *Vaughan v. Vaughan*, 211 N.C. 354, 190 S.E. 492 (1937). G.S. § 1-289 is then applicable to the order dated 27 December 1979 in the present case insofar as that order directs defendant to pay *alimony* and *counsel fees*. Therefore, the appeal from the order requiring defendant to pay alimony and counsel fees did not automatically stay execution on the judgment, and the trial court had the authority, in accordance with G.S. § 1-289, to require defendant to "execute a written undertaking" in order to stay execution. We point out that execution would only be available, and thus G.S. § 1-289 would only be applicable, for past due installments of alimony; with respect to the payment of alimony *in futuro*, no indebtedness would arise upon which execution could issue until each installment became due. *Lambeth v. Lambeth*, 249 N.C. 315, 106 S.E.2d 491 (1959); *Barber v. Barber, supra. See also* 27B C.J.S. Divorce § 265; 24 Am. Jur. 2d Divorce and Separation § 709.

In the present case, when defendant failed to post the bond required by the 22 January 1980 order, plaintiff moved to "dismiss the appeal . . . or in the alternative" to have the stay dissolved. Obviously, under G.S. § 1-289, if the appellant fails to give the bond required, execution on the judgment would not be stayed. The trial court, in its 5 March 1980 orders, proceeded to dissolve the stay and dismiss the appeal. There is nothing in the record to indicate that plaintiff caused execution to issue either before defendant was granted the stay of execution or after the trial court dissolved that stay.

Plaintiff argues that the trial court had the authority pursuant to G.S. § 1-289 to dismiss the appeal because defendant failed to post the bond required by the 22 January 1980 order. We do not agree. The court had the authority to order a stay of execution upon the posting of the bond, and we think had the authority to dissolve any stay already issued when the bond was not posted. G.S. § 1-289 provides that after the bond is posted and a stay of execution is ordered,

> [w]henever it is satisfactorily made to appear to the court that since the execution of the undertaking the sureties have become insolvent, the court may, by rule or order, require the appellant to execute, file and serve a new undertaking, as above. In case of neglect to execute such undertaking within twenty days after the service of a copy of the rule or order requiring it, the appeal may, on motion to the court, be dismissed with costs.

In our view, the authority of the court to dismiss the appeal under G.S. § 1-289 is limited to those cases wherein a stay is ordered pursuant to the posting of a bond or similar "undertaking," and thereafter it is "made to appear" to the court that the surety or sureties on the bond have become insolvent, and a new undertaking is ordered, after which the appellant fails to execute the new undertaking within twenty days of service of that order or rule upon him. The last quoted portion of G.S. § 1-289 is obviously inapplicable to the present case since defendant never posted any bond to stay execution on the judgment. *A fortiori*, the trial court had no authority to dismiss the appeal for defendant's failure to "execute, file and serve a new undertaking."

**[2]** With respect to those parts of the order dated 27 December

1979 requiring the parties to transfer either personal or real property, the propriety of which we do not consider on the present appeal, G.S. § 1-289 has no application. G.S. §§ 1-290 and 1-292 apply to judgments requiring the "assignment or delivery" of personal property and the "sale or delivery of possession" of real property. While these statutes give the court authority to stay execution on a judgment upon the posting of a bond, the court has no authority to dismiss an appeal for the appellant's failure to post the bond. The requirement that a bond be posted pursuant to G.S. §§ 1-290 and 1-292 is not a condition to defendant's right of appeal. *See In re Foreclosure of Deed of Trust*, 50 N.C. App. 413, 273 S.E.2d 738 (1981).

For the reasons stated, the order dismissing the appeal from the order dated 27 December 1979 is vacated, and the cause is remanded to the District Court for the entry of an order allowing defendant to perfect his appeal from the order dated 27 December 1979. The order to be entered by the District Court will provide that defendant has sixty days from the date of said order in which to prepare and serve a proposed record on appeal, that plaintiff has thirty days thereafter to prepare and serve an alternate record on appeal, and that the record on appeal must be filed with the Court of Appeals within 150 days of the entry of such order.

Vacated and remanded.

Judges MARTIN (Robert M.) and CLARK concur.