675 S.E.2d 676 (2009)
Rachel Darlene TUCKER, Plaintiff,
v.
Jewett Eugene TUCKER, Jr., Defendant.
No. COA08-789.
Court of Appeals of North Carolina.
May 5, 2009.
Staton, Doster, Post Silverman & Foushee, P.A., by Jonathan Silverman, Sanford, for defendant-appellant.
Arthur M. Blue Law Office, P.A., by Arthur M. Blue, Carthage, for plaintiff-appellee.
STROUD, Judge.
The trial court found defendant to be in civil contempt of court due to a failure to make court ordered alimony payments. Defendant appeals arguing the trial court erred in concluding that he had the present ability to pay $10,000 towards his arrearages and that he was in civil contempt of court. For the following reasons, we dismiss defendant's appeal as moot and remand to the trial court for consideration of plaintiff's claim for costs and attorney's fees incurred in the defense of this appeal.

I. Background
On or about 24 March 1998, plaintiff and defendant entered into a settlement agreement for divorce in Georgia. On or about 15 *677 June 1998, plaintiff and defendant were divorced and defendant was ordered by the State of Georgia to pay $1,500 a month in alimony ("alimony order"). On or about 22 August 2006, plaintiff filed the alimony order for registration in North Carolina and alleged that defendant owed her $14,750.00 in alimony arrears. On or about 15 September 2006, defendant objected to the registration of the alimony order in North Carolina. On or about 13 March 2007, defendant withdrew his objection to registration of the alimony order based upon plaintiff's agreement to wait 60 days before taking enforcement action.
On or about 5 June 2007, plaintiff filed a verified motion asking that the trial court find defendant to be in civil contempt and requesting that defendant be ordered to pay her attorney's fees for prosecution of the motion. On or about 8 June 2007, the trial court found probable cause that defendant was in contempt, ordered defendant to show cause why he should not be held in civil contempt, and set a hearing regarding the show cause order for 25 June 2007. The contempt hearing was held on 26 June 2007. At the hearing, the parties stipulated that the alimony arrears owed by defendant as of 30 June 2007 were $42,650.00. After the hearing, the trial court orally found defendant to be in civil contempt and ordered that he "be held in the Moore County jail" until he paid $10,000.00 towards his alimony arrears. On 27 June 2006, defendant paid the $10,000.00 purge payment, and the trial court entered an order directing defendant's release from custody as he had purged himself of contempt by his payment. On or about 7 November 2007, the trial court entered its written civil contempt order from the 26 June 2007 hearing, finding defendant to be in civil contempt and ordering that defendant be immediately committed to the custody of the Moore County sheriff, to be held until he paid "$10,000.00 towards his arrearage." From the contempt order, defendant appeals. Defendant contends that the trial court committed reversible error by concluding that he had the current ability to pay $10,000.00. Defendant "requests that the trial court's civil contempt order be vacated and this matter be remanded for a new hearing." For the following reasons, we dismiss defendant's appeal as moot and remand to the trial court for consideration of plaintiff's claim for costs and attorney's fees incurred in the defense of this appeal.

II. Mootness
Defendant's sole contention on appeal is that "there was insufficient evidence to support the trial court's findings of fact, conclusions of law and order that ... [defendant] had the present means and ability to pay an alimony arrearage and therefore was in civil contempt of court." (Original in all caps.) There is no question as to defendant's liability to pay alimony or the amount of arrears owed because defendant stipulated to these facts. Defendant also does not argue in his brief that the Court erred in finding that he had the ability to pay alimony generally or even that the Court erred in holding that he was in willful contempt of the alimony order. Defendant's argument is limited to the trial court's finding that he had the ability to pay a $10,000.00 payment toward his arrearages to purge himself of contempt. On 26 June 2007, defendant was ordered in open court, immediately after the hearing, to pay $10,000.00 to purge himself of contempt. He did so the very next day. The written order for contempt, from which defendant appealed, was not filed until on or about 7 November 2007. As defendant does not contest his liability to pay alimony or the amount he was ordered to pay and as defendant paid the $10,000.00 purge payment the day after the hearing, long before entry of the written order from which he appeals, there is no issue left for us to resolve, and this appeal is moot.
Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.
Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course *678 of the proceedings, the usual response should be to dismiss the action.
Pearson v. Martin, 319 N.C. 449, 451, 355 S.E.2d 496, 497 (1987) (citation and ellipses omitted). We also note that defendant could have attempted to prevent the issue as to his ability to pay from becoming moot by seeking a stay of execution of the contempt order pursuant to N.C. Gen.Stat. § 1A-1, Rule 62(d), but he failed to do so. See N.C. Gen. Stat. § 1A-1, Rule 62(d). See generally Faught v. Faught, 50 N.C.App. 635, 639, 274 S.E.2d 883, 886-87 (1981) (citations and quotation marks omitted). ("Therefore, the appeal from the order requiring defendant to pay alimony and counsel fees did not automatically stay execution on the judgment, and the trial court had the authority, in accordance with G.S. § 1-289, to require defendant to execute a written undertaking in order to stay execution."), disc. review denied, 311 N.C. 304, 317 S.E.2d 680 (1984). As defendant's appeal of the contempt order challenged only his ability to pay a $10,000.00 purge payment, the appeal is rendered moot by his failure to seek a stay of the contempt order and his prompt payment of the $10,000.00, and it must be dismissed. We further remand to the trial court pursuant to N.C.App. P. 34(c) for findings of fact and entry of an order regarding plaintiff's costs and attorney's fees incurred as a result of this appeal. See N.C.App. P. 34(c).

III. Conclusion
Defendant's appeal is dismissed as moot and remanded for further findings of facts and entry of an order regarding plaintiff's attorney's fees and costs incurred as a result of this appeal.
DISMISSED and REMANDED.
Judges CALABRIA and ELMORE concur.