HAMPSON, Judge.
 

 *456
 

 Factual and Procedural Background
 

 Leroy Bolger (Defendant) appeals from an Order holding him in civil contempt for willfully failing to pay an award of attorneys' fees included in a child support award during the pendency of his appeal of the child support award. Relevant to this appeal, the Record tends to establish the following:
 

 *468
 
 This case stems from its companion case,
 
 Simms v. Bolger
 
 , --- N.C. App. ----, --- S.E.2d ---- (2019) (COA18-551) (
 
 Simms I
 
 ). Defendant and Shaneekqua Simms (Plaintiff) are the parents of a minor child. On 26 May 2010, the Mecklenburg County District Court entered an Order establishing Defendant's paternity of the minor child and establishing Defendant's child support obligation.
 

 On 2 June 2017, the trial court entered an Order (the June Order) modifying permanent child support, requiring Defendant to pay a lump
 
 *457
 
 sum child support payment to a trust for the minor child, establishing Defendant's arrearages owed to Plaintiff, and awarding attorneys' fees to Plaintiff in the amount of $ 25,000. On 12 June 2017, Defendant filed a Motion to Reconsider and Revise the June Order asserting grounds under N.C.R. Civ. P. 52, 59 and 60.
 

 On 26 July 2017, Plaintiff filed a Verified Motion for Civil Contempt, alleging Defendant's failure to pay monthly child support payments, to pay child support arrearages, to establish a trust for the benefit of the minor child, and to pay attorneys' fees, as required by the June Order. On 27 July 2017, the trial court entered an order requiring Defendant to appear and show cause as to why he should not be held in contempt. The same day, the trial court entered an Order granting in part Defendant's Motion to Reconsider and Revise (the July Order).
 

 Subsequently, on 20 November 2017, the trial court entered another Order (the November Order), partially modifying the June Order by adjusting Defendant's monthly child support obligation, adjusting his arrearages owed, and directing the lump sum child support payment to a custodial account. The trial court ordered Defendant to pay additional attorneys' fees in the amount of $ 16,240. On 11 December 2017, Defendant filed Notice of Appeal from the June, July and November Orders. These Orders are the subject of
 
 Simms I
 
 .
 

 On 26 January 2018, Defendant filed a Motion to Stay, requesting the trial court set a bond to stay enforcement of the lump sum child support award and the arrearages owed to Plaintiff pending the appeal in
 
 Simms I
 
 . Defendant did not seek a stay of the attorneys' fee awards pending appeal.
 

 On 5 February 2018, Plaintiff filed an Amended Verified Motion for Civil Contempt. The Amended Motion alleged Defendant had still failed to pay ongoing child support, child support arrearages, and the lump sum payment ordered by the trial court, as well as the two different attorneys' fee awards. On 7 February 2018, the trial court entered another show cause order.
 

 On 12 March 2018, the trial court granted in part Defendant's Motion to Stay by permitting Defendant to post a cash bond of $ 100,000 to stay enforcement of the lump sum child support award.
 

 On 15 March 2018, the trial court entered its Order on Plaintiff's Motion for Civil Contempt. The trial court found Defendant in willful contempt of both the June and November Orders. The trial court noted Defendant had purged himself of contempt by paying ongoing
 
 *458
 
 child support and arrearages prior to the hearing. The trial court also noted the lump sum payment was stayed during the appeal pending the posting of the cash bond. However, the trial court found Defendant had made no attempt to stay the awards of attorneys' fees. Accordingly, the trial court concluded: (A) Defendant was not in contempt with respect to ongoing child support or arrearages; (B) Defendant's obligation with respect to the lump sum payment was stayed; and (C) Defendant was in civil contempt for failure to pay the two attorneys' fee awards.
 

 Appellate Jurisdiction
 

 Defendant timely filed Notice of Appeal from the 15 March 2018 Order holding him in civil contempt. This Order constitutes a final judgment of the District Court resolving the then sole pending issue before the trial court. N.C. Gen. Stat. § 7A-27(b)(2) (2017). Further, Defendant's appeal of the trial court's finding of civil contempt is properly taken to this Court. N.C. Gen. Stat. § 5A-24 (2017).
 

 Issue
 

 In his sole argument on appeal, Defendant contends the trial court lacked subject matter jurisdiction to hold him in civil contempt for failure to pay the attorneys' fee awards
 
 *469
 
 during the pendency of his appeal in
 
 Simms I
 
 .
 

 A.
 
 Standard of Review
 

 "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal."
 
 McKoy v. McKoy
 
 ,
 
 202 N.C. App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010). "The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court."
 
 Lemmerman v. A.T. Williams Oil Co.
 
 ,
 
 318 N.C. 577
 
 , 580,
 
 350 S.E.2d 83
 
 , 85 (1986).
 

 B.
 
 Analysis
 

 Typically, "[w]hen an appeal is perfected ... it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein[.]"
 
 N.C. Gen. Stat. § 1-294
 
 (2017). In the context of child support, however, there is a specific statutory exception:
 

 Notwithstanding the provisions of G.S. 1-294, an order for the payment of child support which has been appealed to the appellate division is enforceable in the trial court by proceedings for civil contempt during the pendency of the appeal. Upon motion of an aggrieved party, the court of the appellate division in which the appeal is pending may
 
 *459
 
 stay any order for civil contempt entered for child support until the appeal is decided, if justice requires.
 

 N.C. Gen. Stat. § 50-13.4
 
 (f)(9) (2017).
 
 [1]
 
 Thus, orders for the payment of child support are enforceable by civil contempt pending appeal of the underlying order, including any sanctions entered pursuant to an order of civil contempt.
 
 Guerrier v. Guerrier
 
 ,
 
 155 N.C. App. 154
 
 , 159,
 
 574 S.E.2d 69
 
 , 72 (2002).
 

 Defendant contends this exception does not extend to attorneys' fees awarded in a child support action under
 
 N.C. Gen. Stat. § 50-13.6
 
 . Our Courts, however, have regularly recognized attorneys' fee awards to be an enforceable component of child custody, child support, and alimony awards pending appeal.
 
 See
 

 Cox v. Cox
 
 ,
 
 133 N.C. App. 221
 
 , 233,
 
 515 S.E.2d 61
 
 , 69 (1999) ;
 
 Berger v. Berger
 
 ,
 
 67 N.C. App. 591
 
 , 600,
 
 313 S.E.2d 825
 
 , 831 (1984) ;
 
 Faught v. Faught
 
 ,
 
 50 N.C. App. 635
 
 , 639,
 
 274 S.E.2d 883
 
 , 886 (1981).
 

 Historically, prior to the early to mid-1980's, trial courts had no jurisdiction to utilize contempt to enforce custody and support orders while the case was on appeal.
 
 Joyner v. Joyner
 
 ,
 
 256 N.C. 588
 
 , 592,
 
 124 S.E.2d 724
 
 , 727 (1962). Instead, our Supreme Court ruled that orders requiring the payment of alimony, child support, and counsel fees constituted money judgments.
 
 Quick v. Quick
 
 ,
 
 305 N.C. 446
 
 , 462,
 
 290 S.E.2d 653
 
 , 663 (1982). The significance of this was that it meant these orders could be enforced as money judgments pursuant to
 
 N.C. Gen. Stat. § 1-289
 
 , even pending appeal.
 

 Under
 
 N.C. Gen. Stat. § 1-289
 
 : "If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, as set forth in this section."
 
 N.C. Gen. Stat. § 1-289
 
 (a) (2017). Therefore, an appeal did not stay civil execution proceedings against the obligor's property unless a supersedeas bond or stay was obtained.
 
 Quick
 
 ,
 
 305 N.C. at 462
 
 ,
 
 290 S.E.2d at 663
 
 . Indeed, this Court recognized "appeal from [an] order requiring defendant to pay alimony
 
 and counsel fees
 
 did not automatically stay execution on the judgment, and the trial court had the authority, in accordance with G.S. § 1-289, to require defendant to 'execute a written undertaking' in
 
 *460
 
 order to stay execution."
 
 Faught
 
 ,
 
 50 N.C. App. at 639
 
 ,
 
 274 S.E.2d at 886
 
 (emphasis added).
 

 Notwithstanding the remedy of execution, our Supreme Court, nevertheless, decried the lack of contempt proceedings during an appeal, noting it created "a lengthy period of virtual immunity from support obligations[,]"
 
 Quick
 
 ,
 
 305 N.C. at 461
 
 ,
 
 290 S.E.2d at 663
 
 , and urged "some more adequate provision should be made for the child during the legal battle of its parents."
 
 Joyner
 
 ,
 
 256 N.C. at 592
 
 ,
 
 124 S.E.2d at 727
 
 .
 

 *470
 
 In 1983, the General Assembly specifically amended
 
 N.C. Gen. Stat. § 50-13.4
 
 (f)(9) and
 
 N.C. Gen. Stat. § 50-13.3
 
 (a) to permit civil contempt proceedings pending an appeal in child support and custody actions. 1983 N.C. Sess. Law 530 (An Act to Permit Enforcement of Child Support and Custody Judgments while on Appeal). In 1985, the General Assembly amended
 
 N.C. Gen. Stat. § 50-16.7
 
 (j) to provide the same in alimony cases. 1985 N.C. Sess. Law 482, Sec. 1 (An Act to Permit Enforcement of Alimony Judgments while on Appeal).
 

 In 1999, however, this Court in
 
 Cox
 
 , relying on
 
 Faught
 
 , held that where a party did not post a valid undertaking under
 
 N.C. Gen. Stat. § 1-289
 
 , civil contempt proceedings for failure to pay attorneys' fees in a child support order were not stayed pending an appeal.
 
 Cox
 
 ,
 
 133 N.C. App. at 233
 
 ,
 
 515 S.E.2d at 69
 
 . The suggestion in
 
 Cox
 
 is that a party could, notwithstanding the language of
 
 N.C. Gen. Stat. § 50-13.4
 
 (f)(9), stay civil
 
 contempt
 
 proceedings for failure to pay attorneys' fees ordered in a child support proceeding by posting an appropriate undertaking under
 
 N.C. Gen. Stat. § 1-289
 
 , which is normally applicable to civil
 
 execution
 
 proceedings.
 

 In the instant case, Defendant filed his Motion to Stay seeking to stay enforcement of the November Order as it related to his arrearages and lump sum child support payment pending his appeal. Defendant sought relief,
 
 inter alia
 
 , expressly citing
 
 N.C. Gen. Stat. § 1-289
 
 . Nowhere in his motion did Defendant seek to stay enforcement of the payment of attorneys' fees.
 

 The trial court expressly found in its Contempt Order that Defendant did not post a bond or seek a stay for the award of attorneys' fees in either the June Order or the November Order. It is undisputed Defendant did not post a bond or written undertaking to stay enforcement of the trial court's award of attorneys' fees.
 

 Consequently, we hold the trial court had subject matter jurisdiction to enforce the attorneys' fee awards in the June and November Orders
 
 *461
 
 through civil contempt pending the appeal in
 
 Simms I
 
 .
 
 N.C. Gen. Stat. § 50-13.4
 
 (f)(9). Moreover, where Defendant made no attempt to post an undertaking or supersedeas bond to stay civil contempt proceedings on the attorneys' fee awards pursuant to
 
 N.C. Gen. Stat. § 1-289
 
 , Defendant was subject to civil contempt proceedings pending his appeal under our prior holding in
 
 Cox
 
 .
 

 Conclusion
 

 Thus, for the foregoing reasons, we affirm the trial court's 15 March 2018 Order holding Defendant in civil contempt.
 

 AFFIRMED.
 

 Chief Judge McGEE and Judge HUNTER concur.
 

 [1]
 

 Similar statutory exceptions permitting civil contempt proceedings during an appeal exist for child custody,
 
 N.C. Gen. Stat. § 50-13.3
 
 (a) (2017), and alimony,
 
 N.C. Gen. Stat. § 50-16.7
 
 (j) (2017). Equitable distribution, however, does not have such an exception.
 
 Guerrier v. Guerrier
 
 ,
 
 155 N.C. App. 154
 
 , 159, n.4,
 
 574 S.E.2d 69
 
 , 72, n.4 (2002).